**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| **EDEN CASTLEBERRY COOK,** *et al.,* | : | **CASE NO.  1:25-cv-00848** |
| | : | |
| **Plaintiffs,** | : | |
| | : | **JUDGE SUSAN J. DLOTT** |
| **v.** | : | |
| | : | |
| **BOARD OF EDUCATION OF THE** | : | |
| **INDIAN HILL EXEMPTED VILLAGE** | : | |
| **SCHOOL DISTRICT,**  *et al.,* | : | |
| | : | |
| **Defendants.** | : | |

---

**ANSWER TO COMPLAINT OF DEFENDANTS INDIAN HILL EXEMPTED VILLAGE SCHOOL DISTRICT, BOARD OF EDUCATION OF THE INDIAN HILL EXEMPTED VILLAGE SCHOOL DISTRICT, KIRK KOENNECKE, JIM NICHOLS, WHITNEY BUELL, NATE EIGHER, COURTNEY STRITTMATTER, JONATHAN HOLLIS, JANE DOE**

---

**NOW COME** Defendants Indian Hill Exempted Village School District Board of Education, Indian Hill Exempted Village School District, Kirk Koennecke, Jim Nichols, Whitney Buell, Nate Eigher, Courtney Strittmatter, Jonathan Hollis, Jane Doe ("School Defendants") by and through counsel, and hereby file their Answer to Plaintiffs' Complaint.

1.     School Defendants admit that W.J. is a nine-year-old child.  School Defendants are without information or knowledge sufficient to form a belief regarding the allegations regarding the race of W.J. and therefore deny the same.  School Defendants deny the remaining allegations contained in Paragraph 1 of Plaintiffs' Complaint.

2.      School Defendants deny the allegations contained in Paragraph 2 of Plaintiffs' Complaint.

3.      School Defendants are without information or knowledge sufficient to form a belief regarding the allegations regarding "football practice" contained in Paragraph 3 of Plaintiffs' Complaint and therefore deny the same.  School Defendants deny the remaining allegations contained in Paragraph 3 of Plaintiffs' Complaint.

4.      School Defendants are without information or knowledge sufficient to form a belief regarding the allegations contained in Paragraph 4 of Plaintiffs' Complaint and therefore deny the same.

5.      School Defendants admit that on October 28, 2025 W.J. was not taken to the nurse, that W.J. was not medically evaluated, and that W.J.'s mother was contacted near the end of the school day.  School Defendants deny the remaining allegations contained in Paragraph 5 of Plaintiffs' Complaint.

6.      School Defendants deny the allegations contained in Paragraph 6 of Plaintiffs' Complaint.

7.      School Defendants deny the allegations contained in Paragraph 7 of Plaintiffs' Complaint.

8.      School Defendants are without information or knowledge sufficient to form a belief regarding the allegations about emotional harm experienced by W.J. contained in Paragraph 8 of Plaintiffs' Complaint and therefore deny the same.  School Defendants deny the remaining allegations contained in Paragraph 8 of Plaintiffs' Complaint.

9.      School Defendants deny the allegations contained in Paragraph 9 of Plaintiffs' Complaint.

10.     School Defendants admit the allegations contained in Paragraph 10 of Plaintiffs' Complaint.

11.     School Defendants admit the allegations contained in Paragraph 11 of Plaintiffs' Complaint.

12.     School Defendants admit that a school district commonly referred to as Indian Hill Exempted Village School District ("IHEVSD") exists.  School Defendants further respond that the corporate body capable of suing and of being sued is the Board of Education of the Indian Hill Exempted Village School District ("Board"). School Defendants deny the remaining allegations contained in Paragraph 12 of Plaintiff's Complaint.

13.     School Defendants admit the allegations contained in Paragraph 13 of Plaintiffs' Complaint.

14.     School Defendants admit that Kirk Koennecke was the Superintendent of the District during the time frame alleged in the Plaintiff's Complaint. School Defendants further respond that official capacity claims are duplicative and unnecessary in a federal lawsuit in which the underlying governmental entity has already been sued.  School Defendants deny the remaining allegations contained in Paragraph 14 of Plaintiff's Complaint.

15.     School Defendants admit that Nichols is the Chief Human Resources and Operations Officer for the District, that Nichols participated in the handling an investigation of the October 28 incident, and that Nichols has certain authority to act for the District.  School Defendants further respond that official capacity claims are duplicative and unnecessary in a federal lawsuit in which the underlying governmental entity has already been sued.  School Defendants deny the remaining allegations contained in Paragraph 15 of Plaintiff's Complaint.

16.     School Defendants admit that Buell is the Principal of Indian Hill Elementary School, that Buell is responsible for student supervision and discipline at Indian Hill Elementary

School, that Buell is a mandatory reporter, and the Buell has a role in the response to bullying.
School Defendants further respond that official capacity claims are duplicative and unnecessary in a
federal lawsuit in which the underlying governmental entity has already been sued.  School
Defendants deny the remaining allegations contained in Paragraph 16 of Plaintiff's Complaint.

17.     School Defendants admit that Eigher is the Assistant Principal of Indian Hill
Elementary School and participated in the response to the October 28 incident.  School Defendants
further respond that official capacity claims are duplicative and unnecessary in a federal lawsuit in
which the underlying governmental entity has already been sued.  School Defendants deny the
remaining allegations contained in Paragraph 17 of Plaintiff's Complaint.

18.     School Defendants admit that Strittmatter is a staff member at Indian Hill
Elementary School.  School Defendants further respond that official capacity claims are duplicative
and unnecessary in a federal lawsuit in which the underlying governmental entity has already been
sued.  School Defendants are without information or knowledge sufficient to form a belief regarding
the remaining allegations contained in Paragraph 18 of Plaintiffs' Complaint and therefore deny the
same.

19.     School Defendants deny the allegations contained in Paragraph 19 of Plaintiffs'
Complaint.

20.     School Defendants are without information or knowledge sufficient to form a belief
regarding the allegations contained in Paragraph 20 of Plaintiffs' Complaint and therefore deny the
same.

21.     School Defendants are without information or knowledge sufficient to form a belief
regarding the allegations contained in Paragraph 21 of Plaintiffs' Complaint and therefore deny the
same.

22.     School Defendants are without information or knowledge sufficient to form a belief regarding the allegations contained in Paragraph 22 of Plaintiffs' Complaint and therefore deny the same.

23.     School Defendants are without information or knowledge sufficient to form a belief regarding the allegations contained in Paragraph 23 of Plaintiffs' Complaint and therefore deny the same.

24.     School Defendants are without information or knowledge sufficient to form a belief regarding the allegations contained in Paragraph 24 of Plaintiffs' Complaint and therefore deny the same.

25.     School Defendants are without information or knowledge sufficient to form a belief regarding the allegations contained in Paragraph 25 of Plaintiffs' Complaint and therefore deny the same.

26.     School Defendants are without information or knowledge sufficient to form a belief regarding the allegations contained in Paragraph 26 of Plaintiffs' Complaint and therefore deny the same.

27.     School Defendants state that Paragraph 27 contains legal conclusions to which no response is required under the Federal Rules of Civil Procedure. To the extent a response is deemed required, Defendants admit that Plaintiff has asserted federal causes of action, and deny any remaining allegations.

28.     School Defendants state that Paragraph 28 contains legal conclusions to which no response is required under the Federal Rules of Civil Procedure. To the extent a response is deemed required, School Defendants are without information or knowledge sufficient to form a belief regarding the allegations contained in Paragraph 28 of Plaintiffs' Complaint and therefore deny the same.

29.     School Defendants state that Paragraph 29 contains legal conclusions to which no response is required under the Federal Rules of Civil Procedure. To the extent a response is deemed required, School Defendants admit that the School Defendants filing this Answer reside and/or work in Ohio.

30.     Defendant states that Paragraph 30 contains legal conclusions to which no response is required under the Federal Rules of Civil Procedure. To the extent a response is deemed required, School Defendants admit that Indian Hill Elementary School is in Hamilton County, Ohio.

31.     School Defendants deny the allegations contained in Paragraph 31 of Plaintiffs' Complaint.

32.     School Defendants are without information or knowledge sufficient to form a belief regarding the allegations contained in Paragraph 32 of Plaintiffs' Complaint and therefore deny the same.

33.     School Defendants deny the allegations contained in Paragraph 33 of Plaintiffs' Complaint.

34.     School Defendants deny the factual averments as characterized by Plaintiffs.  School Defendants deny that there was a report of harassment as described in Paragraph 33 of Plaintiff's Complaint.  Due to this, School Defendants admit that no actions were taken in response to a report of harassment that School Defendants deny was made.  Defendants deny the remaining allegations as stated in Paragraph 34 of Plaintiff's Complaint.

35.     School Defendants admit that the Board has policies regarding student conduct. School Defendants deny the remaining allegations contained in Paragraph 35 of Plaintiff's Complaint.

36.     School Defendants deny the factual averments as characterized by Plaintiffs.  School Defendants deny that there was a report of harassment as described in Paragraph 33 of Plaintiff's

6

Complaint. Due to this, School Defendants admit that no actions were taken in response to a report of harassment that School Defendants deny was made. School Defendants deny the remaining allegations contained in Paragraph 36 of Plaintiffs' Complaint.

37. School Defendants are without information or knowledge sufficient to form a belief regarding the allegations contained in Paragraph 37 of Plaintiffs' Complaint and therefore deny the same.

38. School Defendants are without information or knowledge sufficient to form a belief regarding the allegations contained in Paragraph 38 of Plaintiffs' Complaint and therefore deny the same.

39. School Defendants are without information or knowledge sufficient to form a belief regarding the allegations contained in Paragraph 39 of Plaintiffs' Complaint and therefore deny the same.

40. School Defendants deny the allegations contained in Paragraph 40 of Plaintiffs' Complaint.

41. School Defendants deny the allegations contained in Paragraph 41 of Plaintiffs' Complaint.

42. School Defendants deny the allegations contained in Paragraph 42 of Plaintiffs' Complaint.

43. School Defendants are without information or knowledge sufficient to form a belief regarding the allegations contained in Paragraph 43 of Plaintiffs' Complaint and therefore deny the same.

44.     School Defendants admit that numerous community organizations, possibly including Indian Hill Football Club ("IHFC"), have participated in past homecoming parades. School Defendants deny the remaining allegations contained in Paragraph 44 of Plaintiffs' Complaint.

45.     School Defendants admit that the IHFC is independent from the Board and that the Board disclaims any responsibility for IHFC. School Defendants deny the allegations that District administrators treated IHFC as a school operation.  School Defendants are without information or knowledge sufficient to form a belief regarding the allegations contained in Paragraph 45 of Plaintiffs' Complaint and therefore deny the same.

46.     School Defendants deny the allegations contained in Paragraph 46 of Plaintiffs' Complaint.

47.     School Defendants are without information or knowledge sufficient to form a belief regarding the allegations contained in Paragraph 47 of Plaintiffs' Complaint and therefore deny the same.

48.     School Defendants are without information or knowledge sufficient to form a belief regarding the allegations contained in Paragraph 48 of Plaintiffs' Complaint and therefore deny the same.

49.     School Defendants are without information or knowledge sufficient to form a belief regarding the allegations contained in Paragraph 49 of Plaintiffs' Complaint and therefore deny the same.

50.     School Defendants are without information or knowledge sufficient to form a belief regarding the allegations contained in Paragraph 50 of Plaintiffs' Complaint and therefore deny the same.

51.     School Defendants are without information or knowledge sufficient to form a belief regarding the allegations contained in Paragraph 51 of Plaintiffs' Complaint and therefore deny the same.

52.     School Defendants are without information or knowledge sufficient to form a belief regarding the allegations contained in Paragraph 52 of Plaintiffs' Complaint and therefore deny the same.

53.     School Defendants admit that on September 19 Mrs. Castleberry contacted Mrs. Buell regarding an alleged IHFC incident and that she wanted her son to be protected during the school day.  School Defendants deny the remaining allegations contained in Paragraph 53 of Plaintiff's Complaint.

54.     School Defendants state that Paragraph 54 contains hypothetical assertions to which no response is required under the Federal Rules of Civil Procedure. To the extent a response is deemed required, School Defendants deny the allegations contained in Paragraph 54 of Plaintiffs' Complaint.

55.     School Defendants admit that Mrs. Buell reminded Mrs. Castleberry that IHFC is not a school activity over which the Board had disciplinary authority.  School Defendants deny the remaining allegations contained in Paragraph 55 of Plaintiff's Complaint.

56.     School Defendants state that Paragraph 56 contains hypothetical assertions to which no response is required under the Federal Rules of Civil Procedure. To the extent a response is deemed required, School Defendants deny the allegations contained in Paragraph 56 of Plaintiffs' Complaint.

57.     School Defendants state that Paragraph 57 contains hypothetical assertions to which no response is required under the Federal Rules of Civil Procedure. To the extent a response is deemed required, School Defendants deny the allegations contained in Paragraph 57 of Plaintiffs' Complaint.

58.     School Defendants state that Paragraph 58 contains hypothetical assertions to which no response is required under the Federal Rules of Civil Procedure. To the extent a response is deemed required, School Defendants deny the allegations contained in Paragraph 58 of Plaintiffs' Complaint.

59.     School Defendants state that Paragraph 59 contains hypothetical assertions to which no response is required under the Federal Rules of Civil Procedure. To the extent a response is deemed required, School Defendants deny the allegations contained in Paragraph 59 of Plaintiffs' Complaint.

60.     School Defendants state that Paragraph 60 contains hypothetical assertions to which no response is required under the Federal Rules of Civil Procedure. To the extent a response is deemed required, School Defendants deny the allegations contained in Paragraph 60 of Plaintiffs' Complaint.

61.     School Defendants state that Paragraph 61 contains hypothetical assertions to which no response is required under the Federal Rules of Civil Procedure. To the extent a response is deemed required, School Defendants deny the allegations contained in Paragraph 61 of Plaintiffs' Complaint.

62.     School Defendants state that Paragraph 62 contains hypothetical assertions to which no response is required under the Federal Rules of Civil Procedure. To the extent a response is deemed required, School Defendants deny the allegations contained in Paragraph 62 of Plaintiffs' Complaint.

63.     School Defendants state that Paragraph 63 contains hypothetical assertions to which no response is required under the Federal Rules of Civil Procedure. To the extent a response is deemed required, School Defendants deny the allegations contained in Paragraph 63 of Plaintiffs' Complaint.

64.     School Defendants state that Paragraph 64 contains hypothetical assertions to which no response is required under the Federal Rules of Civil Procedure. To the extent a response is deemed required, School Defendants deny the allegations contained in Paragraph 64 of Plaintiffs' Complaint.

65.     School Defendants state that Paragraph 65 contains hypothetical assertions to which no response is required under the Federal Rules of Civil Procedure. To the extent a response is deemed required, School Defendants deny the allegations contained in Paragraph 65 of Plaintiffs' Complaint.

66.     School Defendants state that Paragraph 66 contains hypothetical assertions to which no response is required under the Federal Rules of Civil Procedure. To the extent a response is deemed required, School Defendants deny the allegations contained in Paragraph 66 of Plaintiffs' Complaint.

67.     School Defendants admit that on September 19, 2025, an investigation was not opened, the Title VI coordinator was not called, and the police were not called. School Defendants deny the remaining allegations contained in Paragraph 67 of Plaintiff's Complaint.

68.     School Defendants deny the allegations contained in Paragraph 68 of Plaintiffs' Complaint.

69.     School Defendants are without information or knowledge sufficient to form a belief regarding the allegations contained in Paragraph 69 of Plaintiffs' Complaint and therefore deny the same.

70.     School Defendants are without information or knowledge sufficient to form a belief regarding the allegations contained in Paragraph 70 of Plaintiffs' Complaint and therefore deny the same.

71.     School Defendants are without information or knowledge sufficient to form a belief regarding the allegations contained in Paragraph 71 of Plaintiffs' Complaint and therefore deny the same.

72.     School Defendants are without information or knowledge sufficient to form a belief regarding the allegations contained in Paragraph 72 of Plaintiffs' Complaint and therefore deny the same.

73.     School Defendants are without information or knowledge sufficient to form a belief regarding the allegations contained in Paragraph 73 of Plaintiffs' Complaint and therefore deny the same.

74.     School Defendants are without information or knowledge sufficient to form a belief regarding the allegations contained in Paragraph 74 of Plaintiffs' Complaint and therefore deny the same.

75.     School Defendants are without information or knowledge sufficient to form a belief regarding the allegations contained in Paragraph 75 of Plaintiffs' Complaint and therefore deny the same.

76.     School Defendants are without information or knowledge sufficient to form a belief regarding the allegations contained in Paragraph 76 of Plaintiffs' Complaint and therefore deny the same.

77.     School Defendants are without information or knowledge sufficient to form a belief regarding the allegations contained in Paragraph 77 of Plaintiffs' Complaint and therefore deny the same.

78.     School Defendants are without information or knowledge sufficient to form a belief regarding the allegations contained in Paragraph 78 of Plaintiffs' Complaint and therefore deny the same.

79.     School Defendants are without information or knowledge sufficient to form a belief regarding the allegations contained in Paragraph 79 of Plaintiffs' Complaint and therefore deny the same.

80.     School Defendants are without information or knowledge sufficient to form a belief regarding the allegations contained in Paragraph 80 of Plaintiffs' Complaint and therefore deny the same.

81.     School Defendants are without information or knowledge sufficient to form a belief regarding the allegations contained in Paragraph 81 of Plaintiffs' Complaint and therefore deny the same.

82.     School Defendants are without information or knowledge sufficient to form a belief regarding the allegations contained in Paragraph 82 of Plaintiffs' Complaint and therefore deny the same.

83.     School Defendants admit that Mrs. Buell and Mr. Eigher met with Mrs. Castleberry and another person identified as her sister in early October regarding her concerns with IHFC and safety measures. School Defendants deny the remaining allegations contained in Paragraph 83 of Plaintiff's Complaint.

84.     School Defendants admit that Mrs. Castleberry was reminded again that IHFC is not a school activity over which the Board had disciplinary authority. School Defendants deny the remaining allegations contained in Paragraph 84 of Plaintiff's Complaint.

85.     School Defendants admit that the Board has full authority over student interactions during the day, including recess, classroom transitions, shared spaces, and peer contact. School

Defendants deny the allegations contained in the first sentence of Paragraph 85 of Plaintiffs' Complaint.  School Defendants state that the remaining allegations of Paragraph 85 contain hypothetical assertions to which no response is required under the Federal Rules of Civil Procedure. To the extent a response is deemed required, School Defendants deny the remaining allegations contained in Paragraph 85 of Plaintiffs' Complaint.

86.     School Defendants admit that Mrs. Castleberry asked for continued vigilance and intervention if needed.  School Defendants deny the remaining allegations contained in Paragraph 86 of Plaintiff's Complaint.

87.     School Defendants admit that Mrs. Castleberry was reminded again that IHFC is not a school activity over which the Board had disciplinary authority and that prior reports had been made.  School Defendants deny the remaining allegations contained in Paragraph 87 of Plaintiff's Complaint.

88.     School Defendants deny the allegations contained in Paragraph 88 of Plaintiffs' Complaint.

89.     School Defendants are without information or knowledge sufficient to form a belief regarding the allegations contained in Paragraph 89 of Plaintiffs' Complaint and therefore deny the same.

90.     School Defendants are without information or knowledge sufficient to form a belief regarding the allegations contained in Paragraph 90 of Plaintiffs' Complaint and therefore deny the same.

91.     School Defendants state that Paragraph 91 contains hypothetical assertions to which no response is required under the Federal Rules of Civil Procedure. To the extent a response is deemed required, School Defendants deny the allegations contained in Paragraph 91 of Plaintiffs' Complaint.

92.      School Defendants admit that over 100 children were on the playground and that at least four supervising adults were on the playground.  School Defendants deny the remaining allegations contained in Paragraph 92 of Plaintiff's Complaint.

93.      School Defendants admit that several white students stood around W.J. and that several play football.  School Defendants deny the remaining allegations contained in Paragraph 93 of Plaintiff's Complaint.

94.      School Defendants admit that several students stood around W.J. School Defendants deny the allegation that there was no adult nearby during recess.  School Defendants are without information or knowledge sufficient to form a belief regarding the remaining allegations contained in Paragraph 94 of Plaintiffs' Complaint and therefore deny the same.

95.      School Defendants admit that at least one student held W.J.'s arms and that he was struck by at least one student.  School Defendants are without information or knowledge sufficient to form a belief regarding the remaining allegations contained in Paragraph 95 of Plaintiffs' Complaint and therefore deny the same.

96.      School Defendants admit that no adult intervened while several students stood around W.J., at least one student held W.J.'s arms, and W. J. was struck by at least one student.  School Defendants deny the remaining allegations contained in Paragraph 96 of Plaintiff's Complaint.

97.      School Defendants are without information or knowledge sufficient to form a belief regarding the allegations contained in Paragraph 97 of Plaintiffs' Complaint and therefore deny the same.

98.      School Defendants deny the implication that the playground was not properly supervised.  School Defendants state that Paragraph 98 contains legal conclusions to which no response is required under the Federal Rules of Civil Procedure. To the extent a response is deemed

15

required, School Defendants deny the allegations contained in Paragraph 98 of Plaintiffs' Complaint.

99.     School Defendants admit that W.J. ran to a climbing structure.  School Defendants are without information or knowledge sufficient to form a belief regarding the remaining allegations contained in Paragraph 99 of Plaintiffs' Complaint and therefore deny the same.

100.     School Defendants admit that a group of students followed W.J. to the climbing structure.  School Defendants are without information or knowledge sufficient to form a belief regarding the remaining allegations contained in Paragraph 100 of Plaintiffs' Complaint and therefore deny the same.

101.     School Defendants admit that a student held W.J.'s arms and that at least one student struck him.  School Defendants are without information or knowledge sufficient to form a belief regarding the remaining allegations contained in Paragraph 101 of Plaintiffs' Complaint and therefore deny the same.

102.     School Defendants are without information or knowledge sufficient to form a belief regarding the allegations contained in Paragraph 102 of Plaintiffs' Complaint and therefore deny the same.

103.     School Defendants admit that at least one student struck W.J.  School Defendants are without information or knowledge sufficient to form a belief regarding the remaining allegations contained in Paragraph 103 of Plaintiffs' Complaint and therefore deny the same.

104.     School Defendants admit that W.J.'s shoe was thrown.  School Defendants are without information or knowledge sufficient to form a belief regarding the remaining allegations contained in Paragraph 104 of Plaintiffs' Complaint and therefore deny the same.

105. School Defendants admit that at least one student struck W.J. School Defendants are without information or knowledge sufficient to form a belief regarding the remaining allegations contained in Paragraph 105 of Plaintiffs' Complaint and therefore deny the same.

106. School Defendants deny the allegations that the incident was in plain view of school staff, that it happened after weeks of warnings, that it happened because the school failed to act when it should have, that it was the exact scenario described by Mrs. Castleberry, and that the school dismissed the danger and failed to create safety measures. School Defendants are without information or knowledge sufficient to form a belief regarding the remaining allegations contained in Paragraph 106 of Plaintiffs' Complaint and therefore deny the same.

107. School Defendants are without information or knowledge sufficient to form a belief regarding the allegations contained in Paragraph 107 of Plaintiffs' Complaint and therefore deny the same.

108. School Defendants state that Paragraph 108 contains opinions to which no response is required under the Federal Rules of Civil Procedure. To the extent a response is deemed required, School Defendants deny the allegations contained in Paragraph 108 of Plaintiffs' Complaint.

109. School Defendants deny the allegations contained in Paragraph 109 of Plaintiffs' Complaint.

110. School Defendants deny the allegations contained in Paragraph 110 as they are premised on a false factual assumption. Specifically, School Defendants deny that the student ran to Mrs. Strittmatter for assistance. Because the alleged failures are predicated on that incorrect premise, School Defendants deny the remaining allegations as stated.

111. School Defendants deny the allegations contained in Paragraph 111 of Plaintiffs' Complaint.

112.    School Defendants state that Paragraph 112 contains opinions to which no response is required under the Federal Rules of Civil Procedure.  To the extent a response is deemed required, School Defendants deny the allegations contained in Paragraph 112 of Plaintiffs' Complaint.

113.    School Defendants admit that Mr. Hollis did not call a nurse.  School Defendants deny the factual averments as characterized by Plaintiffs.  W.J. described a significantly different incident to Mr. Hollis from that alleged in the Complaint.  School Defendants deny the remaining allegations contained in Paragraph 113 of Plaintiff's Complaint.

114.    Defendants are without information or knowledge sufficient to form a belief regarding the allegations contained in Paragraph 114 of Plaintiffs' Complaint and therefore deny the same.

115.    School Defendants deny the factual averments as characterized by Plaintiffs.  Mr. Eigher promptly investigated the playground incident.  W.J. described a significantly different incident to Mr. Eigher from that alleged in the Complaint, and he did not exhibit or complain of any injury.  Mr. Eigher offered to W.J. the option to go to the nurse or to the school counselor and W.J. chose to go to the school counselor.  School Defendants deny the remaining allegations contained in Paragraph 115 of Plaintiff's Complaint.

116.    School Defendants deny the factual averments as characterized by Plaintiffs.  W.J. described a significantly different incident to Ms. Kellett from that alleged in the Complaint.  School Defendants admit that Mrs. Kellett did not send W.J. to a nurse or ensure he received medical attention.  School Defendants deny the remaining allegations contained in Paragraph 116 of Plaintiff's Complaint.

117.    School Defendants deny the allegations contained in Paragraph 117 of Plaintiffs' Complaint.

118.    School Defendants deny the allegations contained in Paragraph 118 of Plaintiffs' Complaint.

119.    School Defendants admit that W.J. was not examined by the nurse.  School Defendants deny the remaining allegations contained in Paragraph 119 of Plaintiff's Complaint.

120.    School Defendants deny the allegations contained in Paragraph 120 of Plaintiffs' Complaint.

121.    School Defendants deny the allegations contained in Paragraph 121 of Plaintiffs' Complaint.

122.    School Defendants are without information or knowledge sufficient to form a belief regarding the allegations contained in Paragraph 122 of Plaintiffs' Complaint and therefore deny the same.

123.    School Defendants are without information or knowledge sufficient to form a belief regarding the allegations contained in Paragraph 123 of Plaintiffs' Complaint and therefore deny the same.

124.    School Defendants deny the allegation that the school had made a false statement to conceal the incident.  School Defendants are without information or knowledge sufficient to form a belief regarding the remaining allegations contained in Paragraph 124 of Plaintiffs' Complaint and therefore deny the same.

125.    School Defendants admit the allegations contained in Paragraph 125 of Plaintiffs' Complaint.

126.    School Defendants admit the allegations contained in Paragraph 126 of Plaintiffs' Complaint.

127.    School Defendants deny the allegations contained in Paragraph 127 of Plaintiffs' Complaint.

128.    School Defendants deny the allegations contained in Paragraph 128 of Plaintiffs' Complaint.

129.    School Defendants deny the allegations contained in Paragraph 129 of Plaintiffs' Complaint.

130.    School Defendants state that Paragraph 130 contains opinions to which no response is required under the Federal Rules of Civil Procedure. To the extent a response is deemed required, School Defendants deny the allegations contained in Paragraph 130 of Plaintiffs' Complaint.

131.    School Defendants deny the allegations contained in Paragraph 131 of Plaintiffs' Complaint.

132.    School Defendants are without information or knowledge sufficient to form a belief regarding the allegations contained in Paragraph 132 of Plaintiffs' Complaint and therefore deny the same.

133.    School Defendants state that Paragraph 133 contains opinions to which no response is required under the Federal Rules of Civil Procedure. To the extent a response is deemed required, School Defendants deny the allegations contained in Paragraph 133 of Plaintiffs' Complaint.

134.    School Defendants state that Paragraph 134 contains opinions to which no response is required under the Federal Rules of Civil Procedure. To the extent a response is deemed required, School Defendants deny the allegations contained in Paragraph 134 of Plaintiffs' Complaint.

135.    With regard to the allegations contained in Paragraph 135 of Plaintiff's Complaint, School Defendants incorporate as though fully rewritten herein each of the foregoing admissions and denials.

136.    School Defendants deny the allegation that the "District" operates a school system. School Defendants admit the remaining allegations contained in Paragraph 136 of Plaintiffs' Complaint.

137.    School Defendants admit that W.J. is a member of a protected class based on race. School Defendants are without information or knowledge sufficient to form a belief regarding the remaining allegations contained in Paragraph 137 of Plaintiffs' Complaint and therefore deny the same.

138.    School Defendants are without information or knowledge sufficient to form a belief regarding the allegations contained in Paragraph 138 of Plaintiffs' Complaint and therefore deny the same.

139.    School Defendants are without information or knowledge sufficient to form a belief regarding the allegations contained in Paragraph 139 of Plaintiffs' Complaint and therefore deny the same.

140.    School Defendants deny the allegations contained in Paragraph 140 of Plaintiffs' Complaint.

141.    School Defendants state that Paragraph 141 contains legal conclusions to which no response is required under the Federal Rules of Civil Procedure.  To the extent a response is deemed required, School Defendants deny the allegations contained in Paragraph 141 of Plaintiffs' Complaint.

142.    School Defendants deny the factual averments as characterized by Plaintiffs.  Mrs. Castleberry had reported allegations from private activities that were not under the control or supervision of the Board.  School Defendants deny the remaining allegations as stated in Paragraph 142 of Plaintiff's Complaint.

143.    School Defendants deny the factual averments as characterized by Plaintiffs.  Mrs. Castleberry had reported allegations from private activities that were not under the control or supervision of the Board.  School Defendants deny the remaining allegations as stated in Paragraph 143 of Plaintiff's Complaint.

144.    School Defendants deny the allegations contained in Paragraph 144 of Plaintiffs' Complaint.

145.    School Defendants state that Paragraph 145 contains legal conclusions to which no response is required under the Federal Rules of Civil Procedure. To the extent a response is deemed required, School Defendants deny the allegations contained in Paragraph 145 of Plaintiffs' Complaint.

146.    School Defendants deny the allegations contained in Paragraph 146 of Plaintiffs' Complaint.

147.    School Defendants deny the allegations contained in Paragraph 147 of Plaintiffs' Complaint.

148.    School Defendants deny the allegations contained in Paragraph 148 of Plaintiffs' Complaint.

149.    School Defendants deny the allegations contained in Paragraph 149 of Plaintiffs' Complaint.

150.    School Defendants deny the allegations contained in Paragraph 150 of Plaintiffs' Complaint.

151.    School Defendants deny the allegations contained in Paragraph 151 of Plaintiffs' Complaint.

152.    School Defendants state that Paragraph 152 contains legal conclusions to which no response is required under the Federal Rules of Civil Procedure. To the extent a response is deemed required, School Defendants deny the allegations contained in Paragraph 152 of Plaintiffs' Complaint.

153.    School Defendants deny the allegations contained in Paragraph 153 of Plaintiffs' Complaint.

154.    School Defendants deny the allegations contained in Paragraph 154 of Plaintiffs'
Complaint.

155.    School Defendants deny that Plaintiffs are entitled to the remedies set forth in
Paragraph 155 of Plaintiff's Complaint.

156.    With regard to the allegations contained in Paragraph 156 of Plaintiff's Complaint,
School Defendants incorporate as though fully rewritten herein each of the foregoing admissions
and denials.

157.    With regard to the allegations contained in Paragraph 157 of Plaintiff's Complaint,
School Defendants state that the cited law speaks for itself and that Plaintiff's interpretation and/or
restatement of the law does not call for an admission or denial.  All other allegations or inferences
contained in Paragraph 157 of Plaintiff's Complaint are denied.

158.    School Defendants are without information or knowledge sufficient to form a belief
regarding the allegations contained in Paragraph 158 of Plaintiffs' Complaint and therefore deny the
same.

159.    School Defendants deny the allegations contained in Paragraph 159 of Plaintiffs'
Complaint.

160.    School Defendants deny the allegations contained in Paragraph 160 of Plaintiffs'
Complaint.

161.    School Defendants deny the allegations contained in Paragraph 161 of Plaintiffs'
Complaint.

162.    School Defendants deny the allegations contained in Paragraph 162 of Plaintiffs'
Complaint.

163.    School Defendants deny the allegations contained in Paragraph 163 of Plaintiffs'
Complaint.

164.     Defendants are without information or knowledge sufficient to form a belief regarding the allegations regarding Jane Doe contained in Paragraph 165 of Plaintiffs' Complaint and therefore deny the same.  School Defendants admit that Mr. Hollis, Mr. Eigher, and Ms. Kellett received direct reports from W.J. that he had been held, kicked, and struck.  W.J. did not ask to see the nurse, and Mr. Hollis did not offer for him to go to the nurse.  School Defendants admit that none of the School Defendants named in Paragraph 164 called 911 on October 28, 2025. Defendants admit that Mr. Eigher was known by Mr. Hollis and Ms. Kellett to be investigating the playground incident, and therefore Mr. Eigher would make any contact with parents of the involved students.  School Defendants deny the remaining allegations contained in Paragraph 164 of Plaintiff's Complaint.

165.     School Defendants deny the allegations contained in Paragraph 165 of Plaintiffs' Complaint.

166.     School Defendants state that Paragraph 166 contains legal conclusions to which no response is required under the Federal Rules of Civil Procedure.  To the extent a response is deemed required, School Defendants deny the allegations contained in Paragraph 166 of Plaintiffs' Complaint.

167.     School Defendants admit that Mrs. Castleberry had previously shared concerns about interactions at private events.  School Defendants deny the remaining allegations contained in Paragraph 167 of Plaintiff's Complaint.

168.     School Defendants deny the allegations contained in Paragraph 168 of Plaintiffs' Complaint.

169.     School Defendants state that Paragraph 169 contains legal conclusions to which no response is required under the Federal Rules of Civil Procedure. To the extent a response is deemed required, School Defendants deny the allegations contained in Paragraph 169 of Plaintiffs' Complaint.

170.     School Defendants state that Paragraph 170 contains legal conclusions to which no response is required under the Federal Rules of Civil Procedure. To the extent a response is deemed required, School Defendants deny the allegations contained in Paragraph 170 of Plaintiffs' Complaint.

171.     With regard to the allegations contained in Paragraph 171 of Plaintiff's Complaint, School Defendants incorporate as though fully rewritten herein each of the foregoing admissions and denials.

172.     School Defendants admit the allegations contained in Paragraph 172 of Plaintiffs' Complaint.

173.     School Defendants deny the factual averments as characterized by Plaintiffs. Mrs. Castleberry had reported prior concerns involving different students in a private activity. School Defendants admit that a single incident of a different student calling W.J. "monkey" was reported and investigated in a prior school year. School Defendants deny the remaining allegations as stated in Paragraph 173 of Plaintiff's Complaint.

174.     School Defendants are without information or knowledge sufficient to form a belief regarding the allegations contained in Paragraph 174 of Plaintiffs' Complaint and therefore deny the same.

175.     School Defendants deny the allegations contained in Paragraph 175 of Plaintiffs' Complaint.

176.    School Defendants deny the allegations contained in Paragraph 176 of Plaintiffs' Complaint.

177.    School Defendants admit that administrators know how to complete investigations, notify parents, and impose discipline.  School Defendants admit that discipline is imposed, as appropriate, for misconduct.  School Defendants deny the remaining allegations contained in Paragraph 177 of Plaintiff's Complaint.

178.    School Defendants deny the allegations contained in Paragraph 178 of Plaintiffs' Complaint.

179.    School Defendants deny the allegations contained in Paragraph 179 of Plaintiffs' Complaint.

180.    School Defendants deny the allegations contained in Paragraph 180 of Plaintiffs' Complaint.

181.    With regard to the allegations contained in Paragraph 181 of Plaintiff's Complaint, School Defendants state that the cited Board Policy 5517.01 speaks for itself and that Plaintiff's interpretation and/or restatement of the law does not call for an admission or denial.  All other allegations or inferences contained in Paragraph 181 of Plaintiff's Complaint are denied.

182.    School Defendants state that Paragraph 182 contains legal conclusions to which no response is required under the Federal Rules of Civil Procedure.

183.    School Defendants state that Paragraph 183 contains legal conclusions to which no response is required under the Federal Rules of Civil Procedure.  To the extent a response is deemed required, School Defendants deny the allegations contained in Paragraph 183 of Plaintiffs' Complaint.

184.    School Defendants deny the allegations contained in Paragraph 184 of Plaintiffs' Complaint.

185.    School Defendants deny the allegations contained in Paragraph 185 of Plaintiffs' Complaint.

186.    School Defendants deny the allegations contained in Paragraph 186 of Plaintiffs' Complaint.

187.    School Defendants state that Paragraph 187 contains legal conclusions to which no response is required under the Federal Rules of Civil Procedure.  To the extent a response is deemed required, School Defendants deny the allegations contained in Paragraph 187 of Plaintiffs' Complaint.

188.    With regard to the allegations contained in Paragraph 188 of Plaintiff's Complaint, School Defendants incorporate as though fully rewritten herein each of the foregoing admissions and denials.

189.    School Defendants state that Paragraph 189 contains legal conclusions to which no response is required under the Federal Rules of Civil Procedure.  To the extent a response is deemed required, School Defendants are without information or knowledge sufficient to form a belief regarding the allegations contained in Paragraph 189 of Plaintiffs' Complaint and therefore deny the same.

190.    School Defendants state that Paragraph 190 contains legal conclusions to which no response is required under the Federal Rules of Civil Procedure.  To the extent a response is deemed required, School Defendants are without information or knowledge sufficient to form a belief regarding the allegations contained in Paragraph 190 of Plaintiffs' Complaint and therefore deny the same.

191.    School Defendants are without information or knowledge sufficient to form a belief regarding the allegations contained in Paragraph 191 of Plaintiffs' Complaint and therefore deny the same.

192.    School Defendants are without information or knowledge sufficient to form a belief regarding the allegations contained in Paragraph 192 of Plaintiffs' Complaint and therefore deny the same.

193.    School Defendants admit that a no contact order was issued to Mrs. Castleberry on October 30, 2025.  School Defendants deny the remaining allegations contained in Paragraph 193 of Plaintiffs' Complaint.

194.    School Defendants deny the allegations contained in Paragraph 194 of Plaintiffs' Complaint.

195.    School Defendants deny the allegations contained in Paragraph 195 of Plaintiffs' Complaint.

196.    School Defendants deny the allegations contained in Paragraph 196 of Plaintiffs' Complaint.

197.    School Defendants admit that the no contact order letter stated that "failure to comply with this directive may result in further action, including possible involvement of law enforcement."  School Defendants deny the remaining allegations contained in Paragraph 197 of Plaintiff's Complaint.

198.    School Defendants deny the allegations contained in Paragraph 198 of Plaintiffs' Complaint.

199.    School Defendants deny the allegations contained in Paragraph 199 of Plaintiffs' Complaint.

200.    School Defendants deny the allegations contained in Paragraph 200 of Plaintiffs' Complaint.

201.    School Defendants deny the allegations contained in Paragraph 201 of Plaintiffs' Complaint.

202. School Defendants deny the allegations contained in Paragraph 202 of Plaintiffs' Complaint.

203. School Defendants deny the allegations contained in Paragraph 203 of Plaintiffs' Complaint.

204. School Defendants deny the allegations contained in Paragraph 204 of Plaintiffs' Complaint.

205. School Defendants deny that Plaintiffs are entitled to the remedies set forth in Paragraph 205 of Plaintiff's Complaint.

206. With regard to the allegations contained in Paragraph 206 of Plaintiff's Complaint, School Defendants incorporate as though fully rewritten herein each of the foregoing admissions and denials.

207. With regard to the allegations contained in Paragraph 207 of Plaintiff's Complaint, School Defendants state that the cited law speaks for itself and that Plaintiff's interpretation and/or restatement of the law does not call for an admission or denial. All other allegations or inferences contained in Paragraph 207 of Plaintiff's Complaint are denied.

208. School Defendants admit that the public has a right to attend and observe the public portion of school board meetings, and that members of the public cannot be excluded based on viewpoint or past protected speech. School Defendants deny the remaining allegations contained in Paragraph 208 of Plaintiff's Complaint.

209. School Defendants state that Paragraph 209 contains legal conclusions to which no response is required under the Federal Rules of Civil Procedure.

210. School Defendants state that Paragraph 210 contains opinions to which no response is required under the Federal Rules of Civil Procedure.

211.    School Defendants deny the allegations contained in Paragraph 211 of Plaintiffs' Complaint.

212.    School Defendants deny the allegations contained in Paragraph 212 of Plaintiffs' Complaint.

213.    School Defendants deny the factual averments as characterized by Plaintiffs.  Mrs. Castleberry was repeatedly given specific directives regarding the disruptive nature of her conduct on multiple prior interactions with school personnel on the day the written directive was issued. School Defendants deny the remaining allegations as stated in Paragraph 213 of Plaintiff's Complaint.

214.    School Defendants deny the allegations contained in Paragraph 214 of Plaintiffs' Complaint.

215.    School Defendants deny the factual averments as characterized by Plaintiffs.  Mrs. Castleberry was provided a contact for questions about the written directive, and she was in fact repeatedly granted exceptions from the written directive at her request.  School Defendants deny the remaining allegations as stated in Paragraph 215 of Plaintiff's Complaint.

216.    School Defendants admit that the written directive itself does not contain a time limit, date for reconsideration, or standards for removal.  School Defendants deny the remaining allegations contained in Paragraph 216 of Plaintiffs' Complaint.

217.    School Defendants deny the allegations contained in Paragraph 217 of Plaintiffs' Complaint.

218.    School Defendants deny the allegations contained in Paragraph 218 of Plaintiffs' Complaint.

219.    School Defendants state that Paragraph 219 contains legal conclusions to which no response is required under the Federal Rules of Civil Procedure.  To the extent a response is deemed

required, School Defendants deny the allegations contained in Paragraph 219 of Plaintiffs' Complaint.

220.    School Defendants state that Paragraph 220 contains legal conclusions to which no response is required under the Federal Rules of Civil Procedure.  To the extent a response is deemed required, School Defendants deny the allegations contained in Paragraph 220 of Plaintiffs' Complaint.

221.    School Defendants deny that Plaintiffs are entitled to the remedies set forth in Paragraph 221 of Plaintiff's Complaint.

222.    With regard to the allegations contained in Paragraph 222 of Plaintiff's Complaint, School Defendants incorporate as though fully rewritten herein each of the foregoing admissions and denials.

223.    School Defendants admit the allegations contained in Paragraph 223 of Plaintiffs' Complaint.

224.    School Defendants state that Paragraph 224 contains legal conclusions to which no response is required under the Federal Rules of Civil Procedure.  To the extent a response is deemed required, Defendants deny the allegations contained in Paragraph 224 of Plaintiffs' Complaint.

225.    School Defendants deny the allegations contained in Paragraph 225 of Plaintiffs' Complaint.

226.    School Defendants deny the allegations contained in Paragraph 226 of Plaintiffs' Complaint.

227.    School Defendants are without information or knowledge sufficient to form a belief regarding the allegations contained in Paragraph 227 of Plaintiffs' Complaint and therefore deny the same.

228. School Defendants deny the allegations contained in Paragraph 228 of Plaintiffs' Complaint.

229. School Defendants deny the allegations contained in Paragraph 229 of Plaintiffs' Complaint.

230. School Defendants deny that Plaintiffs are entitled to the remedies set forth in Paragraph 230 of Plaintiff's Complaint.

231. With regard to the allegations contained in Paragraph 231 of Plaintiff's Complaint, School Defendants incorporate as though fully rewritten herein each of the foregoing admissions and denials.

232. School Defendants state that Paragraph 232 contains legal conclusions to which no response is required under the Federal Rules of Civil Procedure. To the extent a response is deemed required, School Defendants deny the allegations contained in Paragraph 232 of Plaintiffs' Complaint.

233. School Defendants deny the allegations contained in Paragraph 233 of Plaintiffs' Complaint.

234. School Defendants deny the allegations contained in Paragraph 234 of Plaintiffs' Complaint.

235. School Defendants deny the allegations contained in Paragraph 235 of Plaintiffs' Complaint.

236. School Defendants deny the allegations contained in Paragraph 236 of Plaintiffs' Complaint.

237. School Defendants deny the allegations contained in Paragraph 237 of Plaintiffs' Complaint.

238. School Defendants deny the allegations contained in Paragraph 238 of Plaintiffs' Complaint.

239. School Defendants admit that Mrs. Castleberry made a written request that charges be filed. School Defendants admit that a no contact directive was issued to Mrs. Castleberry. School Defendants deny the remaining allegations contained in Paragraph 239 of Plaintiff's Complaint.

240. School Defendants deny the allegations contained in Paragraph 240 of Plaintiffs' Complaint.

241. School Defendants deny the allegations contained in Paragraph 241 of Plaintiffs' Complaint.

242. School Defendants deny the allegations contained in Paragraph 242 of Plaintiffs' Complaint.

243. School Defendants deny the allegations contained in Paragraph 243 of Plaintiffs' Complaint.

244. School Defendants state that Paragraph 244 contains legal conclusions to which no response is required under the Federal Rules of Civil Procedure. To the extent a response is deemed required, School Defendants deny the allegations contained in Paragraph 244 of Plaintiffs' Complaint.

245. School Defendants state that Paragraph 245 contains legal conclusions to which no response is required under the Federal Rules of Civil Procedure. To the extent a response is deemed required, School Defendants deny the allegations contained in Paragraph 245 of Plaintiffs' Complaint.

246. With regard to the allegations contained in Paragraph 246 of Plaintiff's Complaint, School Defendants incorporate as though fully rewritten herein each of the foregoing admissions and denials.

247. With regard to the allegations contained in Paragraph 247 of Plaintiff's Complaint, School Defendants state that the cited law speaks for itself and that Plaintiff's interpretation and/or restatement of the law does not call for an admission or denial.

248. With regard to the allegations contained in Paragraph 248 of Plaintiff's Complaint, School Defendants state that the cited law speaks for itself and that Plaintiff's interpretation and/or restatement of the law does not call for an admission or denial.

249. School Defendants state that Paragraph 249 contains legal conclusions to which no response is required under the Federal Rules of Civil Procedure.

250. School Defendants are without information or knowledge sufficient to form a belief regarding the allegations contained in Paragraph 250 of Plaintiffs' Complaint and therefore deny the same.

251. School Defendants are without information or knowledge sufficient to form a belief regarding the allegations contained in Paragraph 251 of Plaintiffs' Complaint and therefore deny the same.

252. School Defendants are without information or knowledge sufficient to form a belief regarding the allegations contained in Paragraph 252 of Plaintiffs' Complaint and therefore deny the same.

253. School Defendants are without information or knowledge sufficient to form a belief regarding the allegations contained in Paragraph 253 of Plaintiffs' Complaint and therefore deny the same.

254. School Defendants are without information or knowledge sufficient to form a belief regarding the allegations contained in Paragraph 254 of Plaintiffs' Complaint and therefore deny the same.

255. School Defendants are without information or knowledge sufficient to form a belief regarding the allegations contained in Paragraph 255 of Plaintiffs' Complaint and therefore deny the same.

256. School Defendants are without information or knowledge sufficient to form a belief regarding the allegations contained in Paragraph 256 of Plaintiffs' Complaint and therefore deny the same.

257. School Defendants are without information or knowledge sufficient to form a belief regarding the allegations contained in Paragraph 257 of Plaintiffs' Complaint and therefore deny the same.

258. School Defendants are without information or knowledge sufficient to form a belief regarding the allegations contained in Paragraph 258 of Plaintiffs' Complaint and therefore deny the same.

259. School Defendants are without information or knowledge sufficient to form a belief regarding the allegations contained in Paragraph 259 of Plaintiffs' Complaint and therefore deny the same.

260. School Defendants state that Paragraph 260 contains legal conclusions to which no response is required under the Federal Rules of Civil Procedure.

261. School Defendants state that Paragraph 261 contains legal conclusions to which no response is required under the Federal Rules of Civil Procedure. To the extent a response is deemed required, School Defendants are without information or knowledge sufficient to form a belief

regarding the allegations contained in Paragraph 261 of Plaintiffs' Complaint and therefore deny the same.

262.    School Defendants are without information or knowledge sufficient to form a belief regarding the allegations contained in Paragraph 262 of Plaintiffs' Complaint and therefore deny the same.

263.    With regard to the allegations contained in Paragraph 263 of Plaintiff's Complaint, School Defendants incorporate as though fully rewritten herein each of the foregoing admissions and denials.

264.    With regard to the allegations contained in Paragraph 264 of Plaintiff's Complaint, School Defendants state that the cited law speaks for itself and that Plaintiff's interpretation and/or restatement of the law does not call for an admission or denial. All other allegations or inferences contained in Paragraph 264 of Plaintiff's Complaint are denied.

265.    School Defendants state that Paragraph 265 contains legal conclusions to which no response is required under the Federal Rules of Civil Procedure. To the extent a response is deemed required, School Defendants deny the allegations contained in Paragraph 265 of Plaintiffs' Complaint.

266.    School Defendants are without information or knowledge sufficient to form a belief regarding the allegations contained in Paragraph 266 of Plaintiffs' Complaint and therefore deny the same.

267.    School Defendants are without information or knowledge sufficient to form a belief regarding the allegations contained in Paragraph 267 of Plaintiffs' Complaint and therefore deny the same.

268.     School Defendants are without information or knowledge sufficient to form a belief regarding the allegations contained in Paragraph 268 of Plaintiffs' Complaint and therefore deny the same.

269.     School Defendants are without information or knowledge sufficient to form a belief regarding the allegations contained in Paragraph 269 of Plaintiffs' Complaint and therefore deny the same.

270.     School Defendants are without information or knowledge sufficient to form a belief regarding the allegations contained in Paragraph 270 of Plaintiffs' Complaint and therefore deny the same.

271.     School Defendants are without information or knowledge sufficient to form a belief regarding the allegations contained in Paragraph 271 of Plaintiffs' Complaint and therefore deny the same.

272.     School Defendants are without information or knowledge sufficient to form a belief regarding the allegations contained in Paragraph 272 of Plaintiffs' Complaint and therefore deny the same.

273.     School Defendants are without information or knowledge sufficient to form a belief regarding the allegations contained in Paragraph 273 of Plaintiffs' Complaint and therefore deny the same.

274.     School Defendants are without information or knowledge sufficient to form a belief regarding the allegations contained in Paragraph 274 of Plaintiffs' Complaint and therefore deny the same.

275.     School Defendants are without information or knowledge sufficient to form a belief regarding the allegations contained in Paragraph 275 of Plaintiffs' Complaint and therefore deny the same.

276. School Defendants are without information or knowledge sufficient to form a belief regarding the allegations contained in Paragraph 276 of Plaintiffs' Complaint and therefore deny the same.

277. School Defendants are without information or knowledge sufficient to form a belief regarding the allegations contained in Paragraph 277 of Plaintiffs' Complaint and therefore deny the same.

278. School Defendants are without information or knowledge sufficient to form a belief regarding the allegations contained in Paragraph 278 of Plaintiffs' Complaint and therefore deny the same.

279. School Defendants are without information or knowledge sufficient to form a belief regarding the allegations contained in Paragraph 279 of Plaintiffs' Complaint and therefore deny the same.

280. School Defendants are without information or knowledge sufficient to form a belief regarding the allegations contained in Paragraph 280 of Plaintiffs' Complaint and therefore deny the same.

281. School Defendants are without information or knowledge sufficient to form a belief regarding the allegations contained in Paragraph 281 of Plaintiffs' Complaint and therefore deny the same.

282. School Defendants are without information or knowledge sufficient to form a belief regarding the allegations contained in Paragraph 282 of Plaintiffs' Complaint and therefore deny the same.

283. School Defendants are without information or knowledge sufficient to form a belief regarding the allegations contained in Paragraph 283 of Plaintiffs' Complaint and therefore deny the same.

284.     School Defendants state that Paragraph 284 contains legal conclusions to which no response is required under the Federal Rules of Civil Procedure.  To the extent a response is deemed required, School Defendants are without information or knowledge sufficient to form a belief regarding the allegations contained in Paragraph 284 of Plaintiffs' Complaint and therefore deny the same.

285.     With regard to the allegations contained in Paragraph 285 of Plaintiff's Complaint, School Defendants incorporate as though fully rewritten herein each of the foregoing admissions and denials.

286.     School Defendants state that Paragraph 286 contains legal conclusions to which no response is required under the Federal Rules of Civil Procedure.

287.     School Defendants are without information or knowledge sufficient to form a belief regarding the allegations contained in Paragraph 287 of Plaintiffs' Complaint and therefore deny the same.

288.     School Defendants are without information or knowledge sufficient to form a belief regarding the allegations contained in Paragraph 288 of Plaintiffs' Complaint and therefore deny the same.

289.     School Defendants are without information or knowledge sufficient to form a belief regarding the allegations contained in Paragraph 289 of Plaintiffs' Complaint and therefore deny the same.

290.     School Defendants are without information or knowledge sufficient to form a belief regarding the allegations contained in Paragraph 290 of Plaintiffs' Complaint and therefore deny the same.

291.     School Defendants are without information or knowledge sufficient to form a belief regarding the allegations contained in Paragraph 291 of Plaintiffs' Complaint and therefore deny the same.

292.     School Defendants are without information or knowledge sufficient to form a belief regarding the allegations contained in Paragraph 292 of Plaintiffs' Complaint and therefore deny the same.

293.     School Defendants state that Paragraph 293 contains legal conclusions to which no response is required under the Federal Rules of Civil Procedure.  To the extent a response is deemed required, School Defendants are without information or knowledge sufficient to form a belief regarding the allegations contained in Paragraph 293 of Plaintiffs' Complaint and therefore deny the same.

294.     With regard to the allegations contained in Paragraph 294 of Plaintiff's Complaint, School Defendants incorporate as though fully rewritten herein each of the foregoing admissions and denials.

295.     School Defendants state that Paragraph 295 contains legal conclusions to which no response is required under the Federal Rules of Civil Procedure.  To the extent a response is deemed required, School Defendants are without information or knowledge sufficient to form a belief regarding the allegations contained in Paragraph 295 of Plaintiffs' Complaint and therefore deny the same.

296.     School Defendants state that Paragraph 296 contains legal conclusions to which no response is required under the Federal Rules of Civil Procedure.  To the extent a response is deemed required, School Defendants are without information or knowledge sufficient to form a belief regarding the allegations contained in Paragraph 296 of Plaintiffs' Complaint and therefore deny the same.

297.     School Defendants state that Paragraph 297 contains legal conclusions to which no response is required under the Federal Rules of Civil Procedure. To the extent a response is deemed required, School Defendants are without information or knowledge sufficient to form a belief regarding the allegations contained in Paragraph 297 of Plaintiffs' Complaint and therefore deny the same.

298.     School Defendants state that Paragraph 298 contains legal conclusions to which no response is required under the Federal Rules of Civil Procedure. To the extent a response is deemed required, School Defendants are without information or knowledge sufficient to form a belief regarding the allegations contained in Paragraph 298 of Plaintiffs' Complaint and therefore deny the same.

299.     School Defendants are without information or knowledge sufficient to form a belief regarding the allegations contained in Paragraph 299 of Plaintiffs' Complaint and therefore deny the same.

300.     School Defendants state that Paragraph 300 contains legal conclusions to which no response is required under the Federal Rules of Civil Procedure. To the extent a response is deemed required, School Defendants are without information or knowledge sufficient to form a belief regarding the allegations contained in Paragraph 300 of Plaintiffs' Complaint and therefore deny the same.

301.     School Defendants state that Paragraph 301 contains legal conclusions to which no response is required under the Federal Rules of Civil Procedure. To the extent a response is deemed required, School Defendants are without information or knowledge sufficient to form a belief regarding the allegations contained in Paragraph 301 of Plaintiffs' Complaint and therefore deny the same.

302.     School Defendants state that Paragraph 302 contains legal conclusions to which no response is required under the Federal Rules of Civil Procedure.  To the extent a response is deemed required, School Defendants are without information or knowledge sufficient to form a belief regarding the allegations contained in Paragraph 302 of Plaintiffs' Complaint and therefore deny the same.

303.     With regard to the allegations contained in Paragraph 303 of Plaintiff's Complaint, School Defendants incorporate as though fully rewritten herein each of the foregoing admissions and denials.

304.     With regard to the allegations contained in Paragraph 304 of Plaintiff's Complaint, School Defendants state that the cited law speaks for itself and that Plaintiff's interpretation and/or restatement of the law does not call for an admission or denial.  All other allegations or inferences contained in Paragraph 304 of Plaintiff's Complaint are denied.

305.     With regard to the allegations contained in Paragraph 305 of Plaintiff's Complaint, School Defendants state that the cited law speaks for itself and that Plaintiff's interpretation and/or restatement of the law does not call for an admission or denial.  All other allegations or inferences contained in Paragraph 305 of Plaintiff's Complaint are denied.

306.     School Defendants state that Paragraph 306 contains legal conclusions to which no response is required under the Federal Rules of Civil Procedure.  To the extent a response is deemed required, School Defendants deny the allegations contained in Paragraph 306 of Plaintiffs' Complaint.

307.     School Defendants are without information or knowledge sufficient to form a belief regarding the allegations contained in Paragraph 307 of Plaintiffs' Complaint and therefore deny the same.

308.     School Defendants state that Paragraph 308 contains legal conclusions to which no response is required under the Federal Rules of Civil Procedure.  To the extent a response is deemed required, School Defendants are without information or knowledge sufficient to form a belief regarding the allegations contained in Paragraph 308 of Plaintiffs' Complaint and therefore deny the same.

309.     School Defendants state that Paragraph 309 contains legal conclusions to which no response is required under the Federal Rules of Civil Procedure.  To the extent a response is deemed required, School Defendants are without information or knowledge sufficient to form a belief regarding the allegations contained in Paragraph 309 of Plaintiffs' Complaint and therefore deny the same.

310.     School Defendants are without information or knowledge sufficient to form a belief regarding the allegations contained in Paragraph 310 of Plaintiffs' Complaint and therefore deny the same.

311.     School Defendants are without information or knowledge sufficient to form a belief regarding the allegations contained in Paragraph 311 of Plaintiffs' Complaint and therefore deny the same.

312.     School Defendants state that Paragraph 312 contains legal conclusions to which no response is required under the Federal Rules of Civil Procedure.

313.     School Defendants state that Paragraph 313 contains legal conclusions to which no response is required under the Federal Rules of Civil Procedure.  To the extent a response is deemed required, School Defendants are without information or knowledge sufficient to form a belief regarding the allegations contained in Paragraph 313 of Plaintiffs' Complaint and therefore deny the same.

314.    School Defendants state that Paragraph 314 contains legal conclusions to which no response is required under the Federal Rules of Civil Procedure.  To the extent a response is deemed required, School Defendants are without information or knowledge sufficient to form a belief regarding the allegations contained in Paragraph 314 of Plaintiffs' Complaint and therefore deny the same.

315.    With regard to the allegations contained in Paragraph 315 of Plaintiff's Complaint, School Defendants incorporate as though fully rewritten herein each of the foregoing admissions and denials.

316.    With regard to the allegations contained in Paragraph 316 of Plaintiff's Complaint, School Defendants state that the cited law speaks for itself and that Plaintiff's interpretation and/or restatement of the law does not call for an admission or denial.

317.    School Defendants are without information or knowledge sufficient to form a belief regarding the allegations regarding Jane Doe contained in Paragraph 317 of Plaintiffs' Complaint and therefore deny the same.  School Defendants admit the remaining allegations contained in Paragraph 317 of Plaintiffs' Complaint.

318.    School Defendants deny the allegations contained in Paragraph 318 of Plaintiffs' Complaint.

319.    School Defendants deny the allegations contained in Paragraph 319 of Plaintiffs' Complaint.

320.    School Defendants state that Paragraph 320 contains legal conclusions to which no response is required under the Federal Rules of Civil Procedure.  To the extent a response is deemed required, School Defendants deny the allegations contained in Paragraph 320 of Plaintiffs' Complaint.

321.     School Defendants admit that none of the School Defendants made an "immediate report" to the public children services agency or to law enforcement.  School Defendants deny the remaining allegations contained in Paragraph 321 of Plaintiff's Complaint.

322.     School Defendants state that Paragraph 322 contains legal conclusions to which no response is required under the Federal Rules of Civil Procedure.

323.     School Defendants deny the allegations contained in Paragraph 323 as they are premised on false factual assumptions. Specifically, School Defendants deny that there was a mandatory reporting duty in this situation.  Additionally, it is correctly asserted in Plaintiff's Complaint that law enforcement was contacted regarding the October 28 incident.  Because the alleged failures are predicated on incorrect premises, School Defendants deny the remaining allegations as stated.

324.     School Defendants deny the allegations contained in Paragraph 324 of Plaintiffs' Complaint.

325.     School Defendants deny the allegations contained in Paragraph 325 of Plaintiffs' Complaint.

326.     School Defendants deny that Plaintiffs are entitled to the remedies set forth in Paragraph 326 of Plaintiff's Complaint.

327.     School Defendants specifically deny an of the Plaintiff's allegations not heretofore addressed.

## AFFIRMATIVE DEFENSES

1.     Plaintiffs' Complaint fails to state a claim upon which relief can be granted.

2.     Plaintiffs' Complaint must be dismissed for lack of subject matter jurisdiction.

3.      Intervening and/or superseding events caused the allegations contained in this Complaint.

4.      School Defendants assert all affirmative defenses contained within Civil Rules 8 and 12, as applicable.

5.      Plaintiffs' claims are barred under the civil immunity provisions and other provisions of Chapter 2744 of the Ohio Revised Code and common law.

6.      Plaintiffs' claims are barred by qualified immunity.

7.      Plaintiffs' claims are barred by good faith immunity.

8.      School Defendants had reasonable belief in the lawfulness of their conduct and acted in good faith with no intentional, reckless, or other disregard or foreseeability of a deprivation of any legally protected right of the Plaintiffs.

9.      Plaintiffs failed in their duty to mitigate and/or minimize damages, if any.

10.      Plaintiffs' claims are barred in whole or in part because School Defendants exercised reasonable care and adopted and maintained effective, neutral, and generally applied policies and procedures to prevent and promptly correct any purportedly discriminatory behavior.  To the extent that the Plaintiffs unreasonably failed to utilize these policies and procedures, or failed to take advantage of any preventative or corrective opportunities provided by the School Defendants or to otherwise avoid harm, Plaintiff's claims, or portions thereof, including any claims of punitive damages, may be barred.

11.      Plaintiffs are estopped from pursuing the claims in Plaintiffs' Complaint and each purported claim therein by reasons of their own actions and course of conduct.

12.      Plaintiffs waived their rights, if any, to pursue the claims in Plaintiffs' Complaint and each purported claim therein by reasons of their own actions and course of conduct.

13.     Plaintiffs' claims for punitive damages are barred because the alleged acts or omissions of School Defendants fail to rise to the level required to sustain an award of punitive damages.  They do not evidence a malicious, reckless or fraudulent intent to deny Plaintiffs any protected rights, and are not so wanton and reckless as to support an award of punitive damages.

14.     To the extent Plaintiffs seek punitive damages for their state law claims, the availability of such damages is limited by Ohio Rev. Code §2315.212.

15.     To the extent Plaintiffs seek punitive damages for their state law claims, the availability of such damages is limited by Ohio Rev. Code §2315.18.

16.     Any allegations against the individual defendants in their official capacities is an allegation against their employer, the Board, and the individuals must be dismissed from the suit.

17.     IHEVSD is not an entity that is capable of initiating suits or of being sued.

18.     Plaintiffs lack standing as relates to claims against IHEVSD because it is not an entity capable of initiating suits or of being sued.

19.     Plaintiffs have failed to exhaust administrative remedies.

20.     Plaintiffs have failed to join necessary parties.

21.     Plaintiff's claims are unsupported by the facts, law, or rules of civil procedure and are, therefore, frivolous, unreasonable, or groundless under 42 U.S.C. §1988(b) and 28 U.S.C. §1927.

22.     School Defendants reserve all rights pursuant to Civil Rule 15 to subsequently amend this pleading to raise additional and/or withdraw any of the foregoing affirmative defenses as may become necessary during the investigation and/or discovery of this action.

**WHEREFORE,** School Defendants respectfully request the following relief:

1.     Dismissal of Plaintiffs' Complaint.

2.     Reimbursement of School Defendants' attorney fees and court costs.

3.     Any and all other relief to which the Court deems that School Defendants are entitled.

Respectfully submitted,

/s/ Jeremy J. Neff
Jeremy J. Neff (0082246)
ENNIS BRITTON CO., L.P.A.
1714 West Galbraith Road
Cincinnati, Ohio 45239
Telephone: 513.421.2540
Facsimile: 513.562.4986
Email: jneff@ennisbritton.com
*Attorney for Defendants Indian Hill Exempted Village*
*School District Board of Education, Indian Hill*
*Exempted Village School District, Kirk Koennecke,*
*Jim Nichols, Whitney Buell, Nate Eigher, Courtney*
*Strittmatter, Jonathan Hollis, Jane Doe*

## CERTIFICATE OF SERVICE

A copy of the foregoing has been filed via the Court's electronic filing system on January 23, 2026. Parties will be served by the Court in its normal manner.

/s/ Jeremy J. Neff
Jeremy J. Neff