IN THE UNITED STATE DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| Eden Castleberry Cook, *et. al.*, | : | |
| | : | |
| Plaintiffs, | : | Case No. 1:25-cv-00848 |
| | : | |
| vs. | : | Judge Dlott |
| | : | |
| Indian Hill Exempted Village School District, *et. al.*, | : | |
| | : | |
| Defendants. | : | |

## MOTION FOR DEFENDANT TERRAH KOCHER FOR JUDGMENT ON THE PLEADINGS

Defendant Terrah Kocher ("Ms. Kocher" or "Defendant") moves this Court for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(C). The sole claim in the Complaint against Ms. Kocher is for Intentional Infliction of Emotional Distress ("IIED"). As set forth below, the facts alleged in the Complaint about Ms. Kocher's conduct, even if true, do not state a claim for IIED as a matter of law.

A Memorandum in Support is attached hereto.

Respectfully submitted,

*/s/ Aaron M. Glasgow*
Aaron M. Glasgow (0075466)
Scott O. Sheets (0076837)
ISAAC WILES BURKHOLDER & MILLER, LLC
Two Miranova Place, Suite 700
Columbus, Ohio 43215
T: (614) 220-5170
F: (614) 365-9518
aglasgow@isaacwiles.com
ssheets@isaacwiles.com
*Attorneys for Defendants*
*Terrah Kocher and her minor child, Minor 2*

1

## MEMORANDUM IN SUPPORT

This action involves a wide array of claims against multiple defendants arising from two incidents in which Plaintiff Eden Castleberry Cook ("Plaintiff") claims her son, W.J., was assaulted. The claims against Defendant Terrah Kocher, however, are sparse. Plaintiff alleges that Ms. Kocher verbally confronted W.J. and demanded that he apologize to her own son for retaliating against him. These facts do not support a claim for Intentional Infliction of Emotion Distress (IIED), which is the sole claim Plaintiff has asserted against Ms. Kocher. As a result, the claim must be dismissed.

## FACTS

Ms. Kocher is the mother of Minor 2, also referred to as L.K. in the Complaint. (ECF 1, Complaint, PageID 7, ¶ 21). L.K. and W.J. were on the same youth football team in the fall of 2025. (ECF 1, Complaint, PageID 11, ¶ 49). Plaintiff alleges that L.K., along with another minor, assaulted W.J. after a football practice. Id. With respect to Ms. Kocher, the Complaint alleges only the following:

- "Kocher approached W.J., blocked his space, forced him to stand and listen, and demanded that he apologize" to L.K., her child. (ECF 1, Complaint, PageID 43, ¶ 272).
- "Kocher again approached W.J. after practice. She stepped into his path so he could not pass, used a sharp and hostile tone, and accused him of retaliatory behavior." (ECF 1, Complaint, PageID 43, ¶ 273).

These are the only allegations in the Complaint related to Ms. Kocher.

## LAW AND ARGUMENT

Plaintiffs' sole claim against Ms. Kocher is for IIED based on the facts set forth above.

To establish a claim for IIED, a plaintiff must demonstrate that: "(1) the defendant intended to cause emotional distress, or knew or should have known that his conduct would result in serious emotional distress to the plaintiff; (2) the defendant's conduct was outrageous and extreme beyond all bounds of decency and subsequently can be characterized as utterly intolerable in a civilized community; (3) the defendant's conduct was the proximate cause of plaintiff's psychic injuries; and (4) the plaintiff's emotional distress was serious, and of such a nature that no reasonable person could be expected to endure it." *Bolander v. BP Oil Co.*, 128 Fed. Appx. 412, 419 (6th Cir. 2005), citing *Yeager v. Local Union 20*, 6 Ohio St.3d 369, 375, 453 N.E.2d 666 (1983).

The Supreme Court of Ohio has further explained the standard for an IIED claim:

> It has not been enough that the defendant has acted with an intent which is tortious or even criminal, or that he has intended to inflict emotional distress, or even that his conduct has been characterized by malice, or a degree of aggravation which would entitle the plaintiff to punitive damages for another tort. Liability has been found only where the conduct has been so outrageous, and so extreme in degree, as to go beyond all possible bounds of decency and to be regarded as atrocious, and utterly intolerable in a civilized community…The liability does not extend to mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities. [P]laintiffs must necessarily be expected and required to be hardened to a certain amount of rough language, and to occasional acts that are definitely inconsiderate and unkind. There is no occasion for the law to intervene in every case where someone's feelings are hurt.

*Reamsnyder v. Jaskolski*, 10 Ohio St.3d 150, 153, 462 N.E.2d 392 (1984). See also, *Mendlovic v. Life Line Screening of Am., Ltd.*, 2007-Ohio-4674, ¶¶ 46-49 (9th Dist.).

Thus, "[t]o say that Ohio courts narrowly define 'extreme and outrageous conduct' would be something of an understatement." *Baab v. AMR Services Corp.*, 811 F. Supp. 1246, 1269 (N.D. Ohio 1993). "Only the most extreme wrongs, which do gross violence to the norms of a civilized society, will rise to the level of outrageous conduct." *Scarabino v. E. Liverpool City Hosp.*, 2003-Ohio-7108, ¶ 11 (7th Dist.), quoting *Brown v. Denny*, 72 Ohio App.3d 417, 423, 594 N.E.2d 1008

3

(2d Dist. 1991). "Major outrage is essential to the tort; and the mere fact that the actor knows that the other will regard the conduct as insulting, or will have his feelings hurt, is not enough. Only conduct that is truly outrageous, intolerable and beyond the bounds of decency is actionable; persons are expected to be hardened to a considerable degree of inconsiderate, annoying and insulting behavior. Insults, foul language, hostile tempers, and even threats must sometimes be tolerated in our rough and tumble society." *Strausbaugh v. Ohio Dept. of Transp.*, 2002-Ohio-6627, ¶ 15 (10th Dist.).

Importantly, "[w]hether conduct is 'extreme and outrageous' is initially a question of law for the court." *Morrow v. Reminger & Reminger Co. LPA*, 183 Ohio App.3d 40, 2009-Ohio-2665, 915 N.E.2d 696, ¶ 48 (10th Dist.). A trial court may dismiss a claim for intentional infliction of emotional distress, pursuant to Fed. R. Civ. P. 12(c), where the alleged conduct does not, as a matter of law, reach the level of "extreme and outrageous" conduct. Id. at ¶ 48.

Here, the facts alleged by the Plaintiff about Ms. Kocher do not come close to satisfying the very high standard for IIED. The sum total of Plaintiff's allegations are that she stood in front of W.J. and verbally chastised and/or questioned him in a harsh tone because she believed that W.J. had retaliated or otherwise mistreated her son, L.K. In other words, the Complaint alleges only that Ms. Kocher briefly gave W.J. a proverbial "piece of her mind" about the incident in which she perceived that W.J. was the aggressor toward her own child. While one could debate whether the confrontation was advisable under these circumstances, a mother verbally addressing what she believed to be retaliation toward her son does not "do gross violence to the norms of a civilized society" and could not be said to be "utterly intolerable in a civilized community."

There is relatively little in the way of comparable cases. However, the facts here are similar to those in *Taylor v. Wal-Mart Stores, Inc.*, Case No. 09-cv-0942, 2010 U.S. Dist. LEXIS 2289

4

(S.D. Ill. 2010). In *Taylor,* store employees mistakenly accused a developmentally disabled minor of stealing a coat from the store. According to the decision, the employees "chastised [plaintiff] in a threatening manner in front of [her] classmates." Id. at ¶ 2. Applying the state law standard (which is the same as Ohio's standard), the Court held that this conduct, even if true, was not sufficient to support a claim for IIED, particularly where the Complaint did not allege *severe* emotional distress. Id. at ¶ 7.

Moreover, to state a claim for IIED, a plaintiff *must* allege that they suffered *serious* emotional distress. "Courts in Ohio place great emphasis on the 'seriousness' of the emotional distress when evaluating claims of intentional infliction of emotional distress. *Crespo v. Cellco P'ship,* 1:16-cv-679, 2016 U.S. Dist. LEXIS 104823 (N.D. Ohio August 9, 2016), at *5, citing *Hayward v. Cleveland Clinic Foundation*, 759 F.3d 601 (N.D. Ohio 2016), citing *Yeager v. Local Union 20*, 6 Ohio St. 3d 369, 375, 6 Ohio B. 421, 453 N.E.2d 666 (1983). A plaintiff must allege an "emotional injury which is both severe and debilitating," or that they are "unable to cope adequately with the mental distress engendered by the circumstances of the case." Kovac v. Superior Dairy, Inc., 930 F.Supp.2d 857, 870 (N.D. Ohio 2013); *Swartz v. Carlo*, No. 1:12CV3112, 2015 U.S. Dist. LEXIS 27785, at *4-5 (N.D. Ohio Mar. 6, 2015).

With respect to Ms. Kocher, the Complaint alleges only that her actions caused W.J. fear, humiliation, and emotional suffering. The Complaint does not allege that W.J. suffered emotional injury that was severe and debilitating. Likewise, the Complaint does not allege any facts, which, if true, would establish that the brief interaction with Ms. Kocher caused him to be disabled from conducting his normal life.

The standard for IIED is exceptionally high. The conduct in which Ms. Kocher is alleged to have engaged does not satisfy this standard. Moreover, Plaintiff has not pled facts showing that

5

Ms. Kocher's conduct caused W.J. severe and debilitating emotional distress. As a result, Plaintiff's Complaint fails to state a claim for IIED as to Ms. Kocher as a matter of law and must be dismissed.

**CONCLUSION**

For the reasons set forth herein, Defendant Terrah Kocher respectfully requests that this Court grant judgment on the pleadings as to Plaintiff's claim for IIED against her and dismiss the same with prejudice.

                                        Respectfully submitted,

                                        */s/ Aaron M. Glasgow*
                                        Aaron M. Glasgow (0075466)
                                        Scott O. Sheets (0076837)
                                        ISAAC WILES BURKHOLDER & MILLER, LLC
                                        Two Miranova Place, Suite 700
                                        Columbus, Ohio 43215
                                        T: (614) 220-5170
                                        F: (614) 365-9518
                                        aglasgow@isaacwiles.com
                                        ssheets@isaacwiles.com
                                        *Attorneys for Defendants*
                                        *Terrah Kocher and her minor child, Minor 2*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on February 2, 2026, a true copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

                                        */s/ Aaron M. Glasgow*
                                        Aaron M. Glasgow (0075466)