IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| Eden Castleberry Cook, individually and on behalf of and as next friend of her minor son, W.J., | : | Case No. 1:25-cv-848 |
| Plaintiffs, | : | Judge Susan J. Dlott |
| v. | : | |
| Indian Hill Exempted Village School District, *et al.* | : | Order Granting Partial Motion to Dismiss Filed by Defendants Minor 3 and Minor 4 |
| Defendants. | : | |

Plaintiffs Eden Castleberry Cook, individually and on behalf of and as next friend of her minor son, W.J., allege in their Complaint that W.J., who was in elementary school, was harassed and physically assaulted by certain classmates and teammates because of his race. Plaintiffs named as Defendants the Indian Hill Exempted Village School District ("School District"), the School District Board of Education, School District officials, the Indian Hill Football Club ("Football Club"), Football Club officials, an Indian Hill parent, and seven Minors who allegedly harassed or assaulted W.J.[1] (Doc. 1 at PageID 1–3.)

Pending before the Court is the Partial Motion to Dismiss filed by Defendants Minor 3 and Minor 4 on July 31, 2026. (Doc. 43.)[2] Minor 3 and Minor 4 move the Court to dismiss only Plaintiffs' hazing claim against them. Because Plaintiffs do not plausibly plead that that Minor 3

---

[1] Upon Motions filed, the Court dismissed the claims against the Football Club and the Football Club officials in an Order dated July 2, 2026. (Doc. 34.)

[2] Plaintiffs identify Minor 3 by his initials A.L. and Minor 4 by his initials E.L. in an appendix to the Verified Complaint. (Doc. 1 at PageID 53.)

or Minor 4 could be held liable for hazing as alleged in Count 12 of the Verified Complaint, the Court will **GRANT** the Partial Motion to Dismiss.

## I. BACKGROUND

### A. Relevant Complaint Allegations

The Court assumes the truth of the well-pleaded factual allegations in the Verified Complaint for purposes of the Partial Motion to Dismiss.

W.J., who is black, was a student at Indian Hill Elementary School in the fall of 2024. (Doc. 1 at PageID 4–5.) W.J. was subjected to repeated incidents of racial harassment that fall at the elementary school, including three white students calling him "monkey." (*Id.* at PageID 4, 9.) He reported this to his mother, Castleberry Cook, who reported it to the principal of the elementary school. (*Id.* at PageID 9.) The elementary school did not discipline the children, but it only arranged for a speaker to talk to the children about differences. (*Id.*)

In the fall of 2025, when W.J. was nine years old and in fourth grade, he was a member of a football team associated with the Football Club. (*Id.* at PageID 5, 10–11.) The Football Club used the School District name, mascot, colors, and branding and operated on School District property. (*Id.*) The players on the team were all Indian Hill students, but W.J. was the only black member on his team. (*Id.* at PageID 11.)

Two of W.J.'s teammates and fourth-grade classmates, Minor 2 and Minor 8, assaulted him after football practice ended on September 18, 2025. (*Id.* at PageID 11–12.) Castleberry Cook reported the incident to the elementary school principal the next day, but the principal stated that the school was not responsible because the incident took place after football practice. (*Id.* at PageID 12.) She also reported the incident to Football Club officials. (*Id.* at PageID 14.) Two coaches told Castleberry Cook that they would "handle it," but the players were not

disciplined. (*Id.*) Castleberry Cook then met with the president of the Football Club, who "acknowledged the seriousness of the attack[,]" but stated that the issue was for the coaches to handle. (*Id.* at PageID 14–15.) Because the Football Club failed to act following the September 18th incident, Castleberry Cook removed W.J. from the football team. (*Id.* at PageID 15.) Then on October 3, 2025, a football coach emailed the football team families stating that September 18th incident had involved "scuffles" and did not warrant removal from the team. (*Id*. at PageID 15.) The email stated that the actions were not criminal and appropriate discipline was applied. (*Id.*)

Also, when W.J. had still been on the football team, the mother of Minor 2, Defendant Terrah M. Kocher, confronted W.J. two times about interactions between Minor 2 and W.J. (*Id.* at PageID 15–16.) Kocher essentially blamed W.J. for being the aggressor. (*Id.*) Her actions created fear and intimidation and made W.J. feel unsafe. (*Id.* at PageID 16.)

Castleberry Cook met with elementary school officials again on October 2, 2025 about "the escalating danger to her son." (*Id.*) She complained about the September 18th incident and the intimidation by Kocher. (*Id.* at PageID 16–17.) The school officials again stated that they could not discipline Minor 2 or Minor 8 for the September 18th incident because it took place after practice. (*Id.*)

Later that month on October 28, 2025, W.J. was assaulted a second time, but this time at the elementary school during school hours. Minor 3 approached W.J. at lunch and asked him several times in a taunting manner, "Are you really ready for recess?" (*Id*. at PageID 17.) When recess began, Minors 1, 3, 4, 5, 6, and 7 surrounded W.J. (*Id*. at PageID 18.) All the boys were white, some were football players, and some had been involved in earlier hostility. (*Id.*) Plaintiffs do not specifically allege that Minor 3 or Minor 4 had been involved in the earlier

hostility or played on the football team.

The boys moved in a coordinated group and one boy yelled, “Catch him.” (*Id.*) W.J. attempted to run, but the boys caught him. (*Id.*) At least one boy held W.J.’s arms behind his back, restraining him so the others could strike him repeatedly. (*Id.* at PageID 19.) The boys hit or kicked his face, stomach, and ribs. (*Id.*) W.J. was able to free himself and ran to the jungle gym area of the playground. (*Id.*) The boys caught up to him, and Minor 1 grabbed W.J.’s arms and held them behind his back. (*Id.*) Minor 4 drop kicked him and stomped on his head. (*Id.*) Other boys “closed in around him, shouting, kicking, and hitting.” (*Id.*) W.J. was “hit in the face, punched in the ribs, and kicked in the stomach.” (*Id.* at PageID 20.) “His head was stomped into the ground.” (*Id.*) The boys used racial slurs during the attack, screaming “f****ing n*****r” at W.J. (*Id.*)

W.J. reported the attack to five different school officials that afternoon. (*Id.* at 21–22.) The staff member on the playground believed that Minor 4 had been the victim, and she made W.J. apologize to him. (*Id.* at PageID 21.) None of the school officials acted to help W.J. (*Id.*) They did not send him to the school nurse or offer him medical attention. (*Id.* at PageID 21–22.) They did not call Castleberry Cook for several hours. (*Id.* at PageID 22.) Castleberry Cook took W.J. to his primary care doctor and then to Children’s Hospital for his injuries. (*Id.* at PageID 23.) He was diagnosed with a concussion, bruised ribs, a bruised wrist, and significant emotional shock. (*Id.*)

**B. Procedural Posture**

Castleberry Cook filed this lawsuit on behalf of herself and W.J. on November 19, 2025 asserting thirteen claims against the School Board, the Board of Education, the Football Club, various officials, Kocher, and seven Minors. The Football Club and the Football Club officials

filed a Motion to Dismiss in lieu of an Answer on January 23, 2026. (Doc. 18.) Kocher filed an Answer and a Motion for Judgment on the Pleadings on February 2, 2026. (Docs. 21, 22.) In an Order dated July 2, 2026, the Court dismissed only the claims against the Football Club and the Football Club officials. (Doc. 34.)

Minor 3 and Minor 4 then filed the Partial Motion to Dismiss on July 31, 2026. (Doc. 43.) Plaintiffs assert three claims against Minor 3 and Minor 4 in the Verified Complaint.:

Count 8: Assault and battery;
Count 9: Intentional infliction of emotional distress; and
Count 12: Hazing in violation of Ohio Revised Code ("O.R.C.") § 2307.44.

(Doc. 1 at PageID 40–44; 47–48.) Minor 3 and Minor 4 move to dismiss only the hazing claim stated in Count 12. Plaintiffs filed a Response in Opposition, to which the Minors filed a Reply. (Docs. 44, 46.)

## II. STANDARD OF LAW ON A MOTION TO DISMISS

Federal Rule of Civil Procedure 12(b)(6) allows a party to move to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To withstand a dismissal motion, a complaint must contain "more than labels and conclusions [or] a formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Courts do not require "heightened fact pleading of specifics, but only enough facts to state a claim for relief that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A district court examining the sufficiency of a complaint must accept the well-pleaded allegations of the complaint as true. *Id.*; *DiGeronimo Aggregates, LLC v. Zemla*, 763 F.3d 506, 509 (6th Cir. 2014).

## III. ANALYSIS

Plaintiffs asserted a civil hazing claim in Count 12 against the Minor Defendants, the Football Club, and the Football Club officials. The Court dismissed this claim against the Football Club and the Football Club officials in the July 2, 2026 Order. (Doc. 34 at PageID 278–279a.) Minor 3 and Minor 4 now move to dismiss the claim against them. The Ohio Revised Code creates a civil cause of action for hazing: "Any person who is subjected to hazing, as defined in division (A) of section 2903.31 of the Revised Code, may commence a civil action for injury or damages, including mental and physical pain and suffering, that result from the hazing." O.R.C. § 2307.44. O.R.C. § 2903.31 defines hazing as:

> doing any act or coercing another, including the victim, to do any act of initiation into any student or other organization or any act to continue or reinstate membership in or affiliation with any student or other organization that causes or creates a substantial risk of causing mental or physical harm to any person, including coercing another to consume alcohol or a drug of abuse, as defined in section 3719.011 of the Revised Code.

O.R.C. § 2903.31(A)(1).

Minor 3 and Minor 4 move to dismiss Count 12 against them on two grounds. First, they assert that Plaintiffs do not allege that they were involved in the incident underlying the hazing claim. Second, they argue that the conduct that they are alleged to have committed does not constitute hazing as a matter of law. The Court agrees with both arguments.

Plaintiffs' hazing claim as stated in Count 12 of the Verified Complaint is primarily based on the alleged September 18th attack against W.J. (Doc. 1 at PageID 47–48.) Plaintiffs allege that "[t]he Minor Defendants who participated in the September 18 attack and related conduct recklessly and intentionally subjected W.J. to hazing that caused physical injuries, pain, and emotional distress." (Doc. 1 at PageID 48.) But Plaintiffs allege that only Minor 2 and

Minor 8 participated in the September 18th attack after the football practice. (Doc. 1 at PageID 11–12.) Plaintiffs neither allege that Minor 3 or Minor 4 were football players nor that they participated in the September 18th attack, the primary basis for the hazing claim.

Plaintiffs allege instead that Minor 3 and Minor 4 participated in the alleged October 28, 2025 attack. Even if the Count 12 is broadly read to include the October 28th attack, Plaintiffs have failed to state a hazing claim against Minor 3 and Minor 4 upon which relief can be granted. They allege that Minor 3 taunted W.J. at lunch before the attack by repeatedly asking if he was "really ready for recess." (*Id.* at PageID 17.) They allege that Minor 3 and Minor 4 were part of the group of students who chased, physically assaulted, and hurled racial slurs at W.J. on the playground. (*Id.* at PageID 18–20.) Plaintiffs specifically allege that Minor 4 "drop kicked" W.J. and "stomped his head." (*Id.* at PageID 19.) As horrifying as these allegations are, they do not support a claim of hazing.

The hazing statute specifies that hazing occurs only when the act or coercion is related to an "act of initiation" into a student organization or "act to continue or reinstate membership in or affiliation with" a student organization. O.R.C. § 2903.31. Plaintiffs allege generally that the hazing against W.J. was based on his affiliation or continued membership in the Football Club. (Doc. 1 at PageID 47.) But Castleberry Cook had removed W.J. from the football team on unspecified date before October 3, 2025 because the Football Club officials failed to take corrective action after the alleged September 18th attack. (*Id.* at PageID 15.)[3] W.J. did not have membership in or affiliation with the Football Club on October 28th when Minor 3 and Minor 4

---

[3] Plaintiffs allege in ¶ 74 that Castleberry Cook removed W.J. from the football team. Plaintiffs allege in ¶ 75 that "[t]hen, on October 3," one of the coaches sent the email discussing the September 18th incident. So Castleberry Cook must have removed W.J. from the team before October 3rd.

participated in the alleged attack during school recess. As such, the attack cannot be hazing under the statutes.

Moreover, even if W.J. had been affiliated with the football team on October 28th, the facts alleged do not support an inference that the October 28th attack was related to football. The attack took place at the elementary school during school hours. (*Id.* at PageID 17–20.) Boys who do not play football participated in the attack. (*Id.* at PageID 18.) And Plaintiffs specifically allege that the attacking Minors were motivated by racial prejudice. (*Id.* at PageID 19–20.) Plaintiffs allege in part:

> In the middle of this [attack], he heard racial slurs. [W.J.] heard the word "f* * * * * ing n****r" screamed at him while they struck him. Race was used as a weapon. The assault was driven by hostility toward his identity as a biracial Black child. Throughout the attack, racial slurs continued.

(*Id.* at PageID 20.) Acts of racial violence unconnected to initiation, continuation, or reinstatement in a student organization do not support a claim for hazing under O.R.C. §§ 2307.44 and 2309.31(A)(1). *See Doe v. Ohio Hi-Point Sch. Dist. Bd. of Educ.*, No. 2:20-CV-4798, 2022 WL 899686, at *9 (S.D. Ohio Mar. 28, 2022) (stating that acts based on the defendant's "own personal anger or lust," but not connected to student organization affiliation are not actionable hazing); *Golden v. Milford Exempted Village Sch. Dist. Bd. of Educ*., No. CA2010-11-092, 2011 WL 4916588, at *4–5 (Ohio Ct. App. Oct. 17, 2011) (finding that habitual acts of aggression by one teammate to another were not hazing because they were not connected to initiation to the team). For these reasons, Plaintiffs have failed to state a plausible hazing claim against Minor 3 or Minor 4.

## IV. CONCLUSION

For the reasons above, the Partial Motion to Dismiss (Doc. 43) filed by Defendants Minor

3 and Minor 4 is **GRANTED**. Count 12 of the Verified Complaint is dismissed as to Minor 3 and Minor 4.[4]

**IT IS SO ORDERED.**

BY THE COURT:

S/Susan J. Dlott
Susan J. Dlott
United States District Judge

[4] Minor 3 and Minor 4 remain Defendants as to Counts 8 and 9 of the Verified Complaint.