**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | |
|---|---|
| **EDEN CASTLEBERRY COOK, et al.**,<br><br>*Plaintiffs*,<br><br>v.<br><br>**INDIAN HILL EXEMPTED VILLAGE SCHOOL DISTRICT, et al.,**<br><br>*Defendants*. | **Case No. 1:25-cv-00848**<br><br>**Judge Susan J. Dlott** |
| **MINOR 3, A.L.**<br><br>Defendant/Third-Party Plaintiff,<br><br>And<br><br>**MINOR 4, E.L.**<br><br>Defendant/Third-Party Plaintiff<br><br>v.<br><br>**MINOR 9, L.C.**<br>(*Minor Defendant to be identified under seal)*<br><br>Third-Party Defendant. | **DEFENDANTS/THIRD-PARTY PLAINTIFFS MINOR 3 AND MINOR 4'S THIRD-PARTY COMPLAINT AGAINST MINOR 9, L.C.** |

For their Third-Party Complaint against Third-Party Defendant Minor 9, L.C., Defendants/Third-Party Plaintiffs Minor 3 and Minor 4 ("Defendants/Third-Party Plaintiffs") state as follows:

## PARTIES

1. Minor 3 is a minor student named in Plaintiffs' Complaint as a Defendant.

2. Minor 4 is a minor student named in Plaintiffs' Complaint as a Defendant.

3. Minor 9 is a minor child and was a student at Indian Hill Elementary School during the events alleged in Plaintiffs' Complaint. Minor 9 is sued as a minor defendant and their true name will be identified under seal.

4. Minor 9 is a necessary party to this action.

5. In the absence of Minor 9, complete relief cannot be accorded among those already parties to Plaintiffs' Complaint.

**JURISDICTION AND VENUE**

6. This Court has supplemental jurisdiction over this Third-Party Complaint, as its claims are related to the underlying lawsuit filed by Plaintiff Eden Castleberry Cook and Plaintiff W.J ("Plaintiffs").

7. This Court has supplemental jurisdiction over this Third-Party Complaint pursuant to 28 U.S.C. § 1367 because the claims asserted herein arise from the same nucleus of operative facts as Plaintiffs' claims and form part of the same case or controversy under Article III of the United States Constitution. (*See* Compl. ¶ 27).

8. This Court may exercise personal jurisdiction over Defendant Minor 9 because they reside in Ohio and the committed acts that give rise to this action occurred in Ohio.

9. Venue is proper in this Court under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in Hamilton County, Ohio.

**FACTUAL BACKGROUND**

10. Plaintiffs assert claims against Defendants/Third-Party Plaintiffs arising from an alleged altercation involving Plaintiff W.J. that occurred on October 28, 2025 during recess at Indian Hill Elementary School.

11. Upon information and belief, Minor 9 was present during the October 28, 2025 recess incident that forms the basis of Plaintiffs' claims.

12. Plaintiffs allege that multiple minor students participated in the October 28, 2025 incident.

13. Upon information and belief, Minor 9 chased, struck, restrained, encouraged, assisted, joined, or otherwise participated in the conduct alleged to have caused injury to W.J.

14. Upon information and belief, Minor 9's conduct contributed to the events giving rise to Plaintiffs' claims.

15. Plaintiffs seek recovery for personal injuries, emotional distress, and other damages allegedly resulting from the October 28, 2025 incident.

16. If Plaintiffs sustained any injuries or damages as alleged in the Complaint, which allegations Defendants/Third-Party Plaintiffs deny, such injuries and damages were caused in whole or in part by the acts or omissions of Minor 9.

17. Plaintiffs have asserted claims against numerous minor participants arising out of the October 28, 2025 incident but have not asserted claims against Minor 9.

18. Defendants/Third-Party Plaintiffs bring this Third-Party Complaint to preserve their rights to contribution, common-law indemnification, and allocation of fault with respect to any liability that may be imposed against them in this action.

## COUNT I
## Contribution

19. Defendants/Third-Party Plaintiffs incorporate by reference the allegations contained in the preceding paragraphs as if fully rewritten herein.

20. Plaintiffs seek to recover damages allegedly arising from the October 28, 2025 recess incident and related events described in the Complaint.

21. Upon information and belief, Minor 9 actively participated in the October 28, 2025 altercation involving Plaintiff W.J., which forms the basis of Plaintiffs' claims in this action.

22. Upon information and belief, Minor 9's acts contributed to and proximately caused some or all of the injuries and damages alleged by Plaintiffs.

23. Ohio law recognizes a right of contribution among joint tortfeasors whose conduct allegedly contributed to the same injury.

24. Ohio law further permits the allocation of fault among all persons whose conduct proximately caused or contributed to a plaintiff's alleged injuries.

25. If Defendants/Third-Party Plaintiffs are found liable to Plaintiffs for any damages, losses, or injuries arising from the October 28, 2025 incident, which liability is expressly denied, then Minor 9 is liable to Defendants/Third-Party Plaintiffs for contribution in an amount proportionate to their percentage of responsibility for the alleged injuries and damages.

26. Defendants/Third-Party Plaintiffs are entitled to a determination of the relative responsibility of all participants whose conduct allegedly contributed to Plaintiffs' claimed injuries, including Minor 9.

27. Any verdict entered in this matter should reflect the percentage of fault attributable to Minor 9.

**COUNT II**
**Common-Law Indemnification (Pled in the Alternative)**

28. Defendants/Third-Party Plaintiffs incorporate by reference the allegations contained in the preceding paragraphs as if fully rewritten herein.

29. Ohio common law recognizes a right of indemnification where one party's liability is secondary, derivative, or vicarious, and another party's conduct constitutes the primary cause of the alleged injury.

30. If Defendants/Third-Party Plaintiffs are found liable to Plaintiffs, which liability is expressly denied, and if such liability is determined to be secondary, derivative, vicarious, or imposed by operation of law rather than through the active misconduct of Defendants/Third-Party Plaintiffs, then Minor 9 is obligated to indemnify Defendants/Third-Party Plaintiffs.

31. Upon information and belief, any injuries or damages allegedly sustained by Plaintiffs were directly and proximately caused by the active conduct of Minor 9.

32. To the extent Defendants/Third-Party Plaintiffs incur judgments, settlements, damages, costs, expenses, or other losses arising from Plaintiffs' claims, Minor 9 is liable to indemnify Defendants/Third-Party Plaintiffs for such amounts.

WHEREFORE, Defendants/Third-Party Plaintiffs, Minor 3 and Minor 4 respectfully pray:

a. that this Court grant judgment in favor of Defendants/Third-Party Plaintiffs against Third-Party Defendant Minor 9 for contribution in an amount equal to Third-Party Defendant's proportionate share of any damages, judgment, settlement, costs, or expenses awarded to or recovered by Plaintiffs;

b. that this Court grant judgment in favor of Defendants/Third-Party Plaintiffs against Third-Party Defendant Minor 9 for common-law indemnification, to the extent applicable, for any judgment, settlement, liability, damages, costs, expenses, attorneys fees or other losses incurred by Defendants/Third-Party Plaintiffs as a result of Plaintiffs' claims;

c. that this Court grant judgment in favor of Defendants/Third-Party Plaintiffs against Third-Party Defendant Minor 9 for a determination and allocation of fault among

all persons whose conduct allegedly caused or contributed to Plaintiffs' claimed injuries, including Third-Party Defendant Minor 9;

d. that this Court grant further relief it may deem just and appropriate.

Respectfully submitted,

*/s/ Chad R. Ziepfel*

Chad R. Ziepfel (0084274)
Taylor S. Lovejoy (0102295)
TAFT STETTINIUS & HOLLISTER LLP
301 E Fourth Street, Suite 2800
Cincinnati, OH 45202
Telephone: (513) 381-2838
Facsimile: (513) 381-0205
cziepfel@taftlaw.com
tlovejoy@taftlaw.com

*Attorneys for Defendants Minor 3, A.L., and Minor 4, E.L.*

**CERTIFICATE OF SERVICE**

I hereby certify that a true and accurate copy of the foregoing was filed electronically and served through the Court's ECF system upon all counsel of record on this 4th day of September 2026.

*/s/ Chad R. Ziepfel*
Chad R. Ziepfel (0084274)