IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| Eden Castleberry Cook, individually and on behalf of and as next friend of her minor son, W.J., | : | Case No. 1:25-cv-848 |
| Plaintiffs, | : | Judge Susan J. Dlott |
| v. | : | |
| Indian Hill Exempted Village School District, *et al.* | : | Order Granting Motion for Partial Judgment on the Pleadings |
| Defendants. | : | |

Plaintiffs Eden Castleberry Cook, individually and on behalf of and as next friend of her minor son, W.J., allege in their thirteen-count Verified Complaint that W.J., who was in elementary school, was harassed and physically assaulted by certain classmates and teammates because of his race. (Doc. 1.) Multiple Defendants have moved for dismissal or judgment on the pleadings. (Docs. 18, 22, 43.) The Court dismissed claims against the Indian Hill Football Club and Football Club officials, including the Count 12 hazing claim, in an Order dated July 2, 2026. (Doc. 34.) Then the Court dismissed the Count 12 hazing claim against Minors 3 and 4 in an Order dated August 21, 2026. (Doc. 48.)

A Motion for Partial Judgment on the Pleadings filed by Minors 1 and 5 as to the Count 12 hazing claim is now pending before the Court. (Doc. 49.) Plaintiffs did not file a response in opposition, likely recognizing that the Court's analysis of the hazing claim in the August 21, 2026 Order compels the Court to grant judgment to Minors 1 and 5 on Count 12.

## I. STANDARD OF LAW ON A MOTION FOR JUDGMENT ON THE PLEADINGS

Rule 12(c) permits a party to move for judgment on the pleadings. The legal standard for adjudicating a Rule 12(c) motion is the same as that for adjudicating a Rule 12(b)(6) motion. *Lindsay v. Yates*, 498 F.3d 434, 437 n.5 (6th Cir. 2007). Federal Rule of Civil Procedure 12(b)(6) allows a party to move to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "For purposes of a motion for judgment on the pleadings, all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment." *Tucker v. Middleburg-Legacy Place*, 539 F.3d 545, 549 (6th Cir. 2008) (citation omitted).

## II. LAW AND ANALYSIS

Minors 1 and 5 move for judgment on the pleadings on the Count 12 hazing claim against them. The Ohio Revised Code creates a civil cause of action for hazing: "Any person who is subjected to hazing . . . may commence a civil action for injury or damages, including mental and physical pain and suffering, that result from the hazing." Ohio Rev. Code § 2307.44. The Ohio Revised Code defines hazing as:

> doing any act or coercing another, including the victim, to do any act of initiation into any student or other organization or any act to continue or reinstate membership in or affiliation with any student or other organization that causes or creates a substantial risk of causing mental or physical harm to any person, including coercing another to consume alcohol or a drug of abuse, as defined in section 3719.011 of the Revised Code.

Ohio Rev. Code § 2903.31(A)(1).

The Court outlined the facts set forth in Plaintiffs' Verified Complaint in the July 2, 2026 and August 28, 2026 Orders. (Docs. 34 and 48.) The Court will address only the key facts

underlying the hazing claim in the analysis below. Plaintiffs' hazing claim is primarily based on the September 18, 2025 attack against W.J. (Doc. 1 at PageID 47–48.) Plaintiffs allege in Count 12 that "[t]he Minor Defendants who participated in the September 18 attack and related conduct recklessly and intentionally subjected W.J. to hazing that caused physical injuries, pain, and emotional distress." (*Id.* at PageID 48.) But only Minors 2 and 8 participated in the September 18th attack after the football practice. (*Id.* at PageID 11–12.) Plaintiffs do not allege any facts giving rise to an inference that Minor 5 either played football or participated in the September 18th attack. Minor 1 "stood nearby" and "watched" as Minors 2 and 8 attacked W.J. (*Id.* at PageID 11, 42.) Minor 1 may have been a football player, but he cannot be held liable for the September 18th attack or for hazing for that passive activity.

Plaintiffs also allege that Minor 1 called W.J. a "monkey" in 2024 and that Minors 1 and 5 participated in the extended physical attack against W.J. on October 28, 2025. (*Id.* at PageID 9, 18–20, 43.) During the October 28th attack, Minor 1 held W.J's arms behind his back so other students could strike him. (*Id.* at PageID 19.) Both Minors 1 and 5 "chased, surrounded, restrained, punched, kicked, and stomped W.J." (*Id.* at PageID 43.) Even if Count 12 is broadly read to include these disturbing allegations, the allegations do not support a claim of hazing against Minors 1 or 5.

The hazing statute specifies that hazing occurs only when the act or coercion is related to an "act of initiation" into a student organization or "act to continue or reinstate membership in or affiliation with" a student organization. Ohio Rev. Code. § 2903.31(A)(1). Plaintiffs allege in conclusory fashion in Count 12 that the hazing against W.J. was based on his affiliation or continued membership in the Football Club. (Doc. 1 at PageID 47.) But the facts they plead

suggest that the attackers were motivated by racial hostility, not by his affiliation with the Football Club.

Minor 1 is one of three white students who Plaintiffs allege "repeatedly called W.J. 'monkey' during youth football activities" in the fall of 2024. (*Id.* at PageID 4.) Plaintiffs do not plead any facts suggesting that Minor 1 used the slur because W.J. was playing football. Instead, they specifically allege it was the start of a "pattern of racial harassment." (*Id.* at Page 4.)

Plaintiffs allege that that pattern of racial harassment culminated in the October 28, 2025 attack in which Minors 1 and 5 participated. (*Id.* at PageID 17–18.) Plaintiffs again specifically allege that the attacking Minors were motivated by racial hostility:

> 105. . . . In the middle of this [attack], [W.J.] heard racial slurs. He heard the word "f***** ing n****r" screamed at him while they struck him. Race was used as a weapon. The assault was driven by hostility toward his identity as a biracial Black child. Throughout the attack, racial slurs continued. . . .
>
> 106. This was not a playground fight. This was a coordinated group beating that had multiple phases. It was a hate motivated assault that continued even after the victim tried to flee. . . . [Castleberry Cook] warned that the same group of boys who had previously attacked and racially harassed her son could do so again. The school dismissed the danger and failed to create any safety measures. The consequences were catastrophic.

(*Id.* at PageID 20.) Acts of racial violence unconnected to initiation, continuation, or reinstatement in a student organization do not support a claim for hazing under Ohio Revised Code §§ 2307.44 and 2309.31(A)(1). *See Doe v. Ohio Hi-Point Sch. Dist. Bd. of Educ.*, No. 2:20-CV-4798, 2022 WL 899686, at *9 (S.D. Ohio Mar. 28, 2022) (stating that acts based on the defendant's "own personal anger or lust," but not connected to student organization affiliation are not actionable hazing); *Golden v. Milford Exempted Village Sch. Dist. Bd. of Educ*., No. CA2010-11-092, 2011 WL 4916588, at *4–5 (Ohio Ct. App. Oct. 17, 2011) (finding that

habitual acts of aggression by one teammate to another were not hazing because they were not connected to initiation to the team).

Other facts also undercut an inference that the October 28th attack was related to initiation, continuation, or affiliation with the football team. Not all of the minors who participated in the attack on W.J. on October 28, 2025 were football players. (Doc. 1 at PageID18.) Moreover, based on the pleaded facts, W.J. no longer played football on October 28th. Castleberry Cook had removed W.J. from the football team on an unspecified date before October 3, 2025 because the Football Club officials failed to take corrective action after the alleged September 18th attack. (*Id.* at PageID 15.)[1] For these reasons, Minors 1 and 5 are entitled to judgment on the pleadings on the Count 12 hazing claim.

## III. CONCLUSION

For the reasons above, the Motion for Partial Judgment on the Pleadings (Doc. 49) is **GRANTED.** Judgment is **GRANTED** to Minors 1 and 5 as to Count 12 only.[2]

**IT IS SO ORDERED.**

BY THE COURT:

S/Susan J. Dlott
Susan J. Dlott
United States District Judge

---

[1] Plaintiffs allege in ¶ 74 of the Verified Complaint that Castleberry Cook removed W.J. from the football team. Plaintiffs allege in ¶ 75 that "[t]hen, on October 3," one of the coaches sent the email discussing the September 18th incident. So Castleberry Cook must have removed W.J. from the team before October 3rd.

[2] Minor 1 and Minor 5 remain Defendants as to Counts 8 and 9 of the Verified Complaint.